JANICE H. LEVIN, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PHILIP J. LEVIN, AND BENJAMIN NADEL, EXECUTOR OF THE ESTATE OF PHILIP J. LEVIN, AND TKUD ASSOCIATES NO. 2, a PARTNER-SHIP, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF PARSIPPANY-TROY HILLS, TOWNSHIP COUNCIL OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS AND PLANNING BOARD OF THE TOWNSHIP OF PARSIP-PANY-TROY HILLS, DEFENDANTS-RESPONDENTS. ESTATE ASSOCIATES AND JOAN KONNER, PLAIN-TIFFS-APPELLANTS, v. TOWNSHIP OF PARSIPPANY-TROY HILLS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 28, 1978—Decided December 20, 1978.

Before Judges HALPERN, ARD and ANTELL.

*Mr. Robert S. Greenbaum* argued the cause for appellants Janice H. Levin, Benjamin Nadel and Tkud Associates No. 2 *(Messrs. Greenbaum, Greenbaum, Rowe & Smith,* attorneys; *Mr. Joel Ackerman* on the brief).

*Mr. Bertram J. Latzer* argued the cause for respondents Township of Parsippany-Troy Hills and Township Council of Parsippany-Troy Hills *(Messrs. Pendleton* and *Latzer,* attorneys; *Ms. Barbara A. Morgen* on the brief).

*Mr. Martin G. Gilbert* argued the cause for appellants Estate Association and Joan Konner *(Messrs. Krugman, Chapnick & Grimshaw,* attorneys).

The opinion of the court was delivered by

ANTELL, J. A. D.   Plaintiffs sued to invalidate portions of the Parsippany-Troy Hills (hereinafter "township") zoning ordinance adopted September 14, 1977 which changed the zoning classification of their lands.   Under the prior ordinance, which was enacted September 18, 1945, amended in 1968 and made part of the township's codified ordinances in 1972, plaintiffs' district had been zoned "Regional Cultural and Commercial Center."   The ordinance under attack changed this to "Research, Cultural and Mixed Use."

Following introduction of the ordinance on February 2, 1977 plaintiffs, who own all the land affected by the change, filed their protest thereto pursuant to the "protest" statute, *N. J. S. A.* 40:55D–63.   That section of the Municipal Land Use Law provides:

A protest against any proposed amendment or revision of a zoning ordinance may be filed with the municipal clerk, signed by the owners of 20% or more either of the area of the lots or land included in such proposed change, or of the lots or land extending 200 feet in all directions therefrom inclusive of street space, whether within or without the municipality. Such amendment or revision shall not become effective following the filing of such protest except by the favorable vote of two-thirds of all the members of the governing body of the municipality.

This controversy arises from the fact that the ordinance was passed by the favorable vote of less than two-thirds of all the members of the governing body. The township contends that the foregoing provision is inapplicable for the reason that the ordinance is neither a "revision" nor an "amendment," but a new ordinance adopted for the purpose of complying with the recently enacted New Jersey Municipal Land Use Law, *N. J. S. A.* 40:55D–1 *et seq. Athey v. City of Peru*, 22 *Ill. App.* 3d 363, 317 *N. E.* 2d 294 (App. Ct. 1974), is cited for the proposition that the passage of a new ordinance is not subject to the right of protest. Plaintiffs respond that regardless of whether the ordinance is denominated new or amendatory, it brings about a change in the zoning scheme against which affected landowners are protected by the protest statute. However, they address no challenge to the township's assertion that the ordinance was passed to meet standards legislated by the new law.

Plaintiffs' motion for partial summary judgment was denied in the Law Division. Because of the general public importance of the question presented their motion for leave to appeal was granted.

Protest statutes of the kind before us are designed to protect the interest of property owners in "the stability and continuity of zoning regulations." 1 *Anderson, American Law of Zoning*, § 4.33 at 251 (1976); 2 *Rathkopf, The Law of Zoning and Planning* (4 ed. 1978), § 28.02.

The statute does not prevent the governing body from amending its ordinance. It merely requires a percentage of vote greater

than the usual majority where a proper protest has been filed. That the municipality should exercise extra diligence when it is making important changes in the property rights of citizens who object is obvious, and the Legislature has rightly exercised its discretion in predetermining the precise degree of extra diligence those citizens will be guaranteed. This is in conformity with recognized legislative powers. [*Farmer v. Meeker*, 63 *N. J. Super.* 56, 64-65 (Law Div. 1960)]

Although there are changes in language with which we need not be concerned, the present statute continues the protection afforded by *N. J. S. A.* 40:55-35 prior to enactment of the Municipal Land Use Law in 1976. There is no doubt, therefore, as to the importance assigned by the Legislature to the values thereby embraced. However, the Municipal Land Use Law is of comprehenisve scope and addresses itself to other sweeping objectives of urgent concern. Our function is to give effect to the obvious purpose of the Legislature. To that end " 'words used may be expanded or limited according to the manifest reason and obvious purpose of the law.' " *New Capitol Bar & Grill Corp. v. Employment Secur. Div.*, 25 *N. J.* 155, 160 (1957). The will of the lawgiver is to be gathered from the object and nature of the subject matter. *San-Lan Builders, Inc. v. Baxendale*, 28 *N. J.* 148, 155 (1958).

We read in *N. J. S. A.* 40:55D-62 a mandate upon the municipalities to adopt zoning ordinances in accordance with carefully defined specifications. Among these it is required that the municipalities first prepare a master plan containing a land use plan element and that the ordinance be drawn consistent therewith except under particularized circumstances. Detailed standards are elaborated by the law touching the form and content of the ordinances and procedural steps essential to passage. *N. J. S. A.* 40:55D-65 through 68. The lawmakers' overriding intent that the power of municipal land use regulation be exercised solely in accordance with all the strictures of the new law is unmistakable. Without doubt, this will "demand a massive rewriting and republication of thousands of local land use ordinances."

Miller, "The New Jersey Land Use Law Revision: A Lesson for Other States, 5 Real Est. L. J. 138, 139 (Fall 1976). Having placed such a burden upon the municipal governments of this State, we cannot conceive that the Legislature would thereafter fetter their attempts to comply by subordinating proposed ordinances to the right of protest by dissatisfied property owners and the necessity for a two-thirds majority vote. We conclude that the protection accorded by *N. J. S. A.* 40:55D–63 is not applicable to zoning changes which result from ordinances adopted to conform with the Municipal Land Use Law.

We find without significance the fact that under *N. J. S. A.* 40:55D–62 municipalities are empowered to amend and revise their zoning ordinances. Plaintiffs argue that the ordinance in question is either an amendment or revision of the one previously in effect. Therefore, their argument continues, since it is an "amendment or revision" it comes within the express language of the protest statute. We reject this contention on the reasoning previously expressed. Whether an amendment, revision or an entirely new enactment, it was adopted in accordance with the Municipal Land Use Law and in furtherance of its purposes, and is therefore not subject to the right of protest.

It is appropriate to emphasize that in reaching this result decisive consideration is given, not to the "comprehensiveness" of the ordinance nor to whether it is new, revised or amendatory legislation, but to the fact that it was adopted to conform the township's program of land use regulation to the policies and procedural requirements of the Municipal Land Use Law. We therefore regard our determination as in no way inconsistent with the views expressed in *Rusnak v. Woodbridge Tp.,* 69 *N. J. Super.* 309 (Law Div. 1961) and *Johnson v. Montville Tp.,* 109 *N. J. Super.* 511, 517 (App. Div. 1970).

Affirmed.