JANICE H. LEVIN, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PHILIP J. LEVIN, AND BENJAMIN NADEL, EXECUTOR OF THE ESTATE OF PHILIP J. LEVIN, AND TKUD ASSOCIATES NO. 2, A PARTNERSHIP, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF PARSIPPANY–TROY HILLS, TOWNSHIP COUNCIL OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS AND PLANNING BOARD OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS, DEFENDANTS-RESPONDENTS.

ESTATE ASSOCIATES AND JOAN KONNER, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF PARSIPPANY–TROY HILLS, DEFENDANT-RESPONDENT.

Argued November 26, 1979—Decided February 21, 1980.

*Robert S. Greenbaum* argued the cause for appellants Janice H. Levin, etc., *et al.* (*Greenbaum, Greenbaum, Rowe & Smith,* attorneys; *Robert S. Greenbaum, Charles Applebaum* and *Douglas K. Wolfson* on the brief).

*Martin G. Gilbert* argued the cause for appellants Estate Associates, *et al.* (*Krugman, Chapnick & Grimshaw,* attorneys).

*Bertram J. Latzer* argued the cause for respondents Township of Parsippany-Troy Hills, *et al.* (*Pendleton & Latzer,* attorneys; *Barbara A. Morgan* on the brief).

The opinion of the Court was delivered by

SULLIVAN, J.

█ The question in this case is whether a municipality, in adopting a new zoning ordinance in furtherance of the purposes of Chapter 291, *P.L.* 1975 (the Municipal Land Use Law, *N.J. S.A.* 40:55D–1 *et seq.*) (the Law) can make a substantial change in its preexisting zoning plan free from the protest provisions

contained in the same law. *N.J.S.A.* 40:55D–63. For reasons hereinafter given, we hold that it cannot.

Defendant, the Township Council of the Township of Parsippany-Troy Hills, adopted a zoning ordinance in 1945 which was amended in 1968. In 1972 the Township codified its various ordinances but did not alter any substantive provisions of the zoning ordinance as amended in 1968.

Following the Legislature's enactment of the Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.*, which became effective August 1, 1976, the Township, in September 1977, adopted a new zoning ordinance. Among the various changes effected thereby was the rezoning of an area, consisting of approximately 130 acres. This property had been zoned in 1968 as a separate district, designated as the Research, Cultural and Commercial Center Zone (RCCC). The 1977 ordinance changed the RCCC zone to the Research, Cultural and Mixed Use District (RCM). This change was consistent with the newly adopted Township master plan. However, the new classification effectively modified the number of uses to which the property could be put.

On August 29, 1977, after introduction of the ordinance but before formal passage, plaintiffs, who owned or were contract purchasers of all of the land in the zone, filed a protest against the proposed change pursuant to *N.J.S.A.* 40:55D–63. This protest provision in the 1976 Municipal Land Use Law is carried over from the former Municipal Planning Act *N.J.S.A.* 40:55–35, and provides as follows:

> A protest against any proposed amendment or revision of a zoning ordinance may be filed with the municipal clerk, signed by the owners of 20% or more either of the area of the lots or land included in such proposed change, or of the lots or land extending 200 feet in all directions therefrom inclusive of street space, whether within or without the municipality. Such amendment or revision shall not become effective following the filing of such protest except by the favorable vote of two-thirds of all the members of the governing body of the municipality.
>
> L.1975, c. 291, § 50, eff. Aug. 1, 1976.

Following a second reading and public hearing, the new ordinance was adopted by a majority vote but less than a two-thirds vote of all of the members of the Township Council. The proposed change which was the subject of plaintiffs' protest was not voted on separately.[1]

Plaintiffs filed complaints in lieu of prerogative writs challenging the validity of the new ordinance. The first count in each complaint alleged that the zoning revision was null and void as to plaintiffs' lands because the Township Council had failed to adopt the new ordinance by the requisite two-thirds vote. Cross-motions for partial summary judgment on this count were argued twice before the trial court. Plaintiffs' motions were denied on both occasions, the trial court concluding that the applicability of the protest provision was contingent on whether the ordinance constituted "a new enactment" or simply a revision or amendment of the existing ordinance. For this reason, the court decided that a plenary hearing was necessary.

Plaintiffs filed motions for leave to appeal the denials of summary judgment. The Appellate Division granted leave, consolidated the two appeals and affirmed the trial court's denial of summary judgment for reasons discussed below. *Levin v. Twp. of Parsippany-Troy Hills*, 164 *N.J.Super.* 409 (App. Div.1978). This Court granted certification. 79 *N.J.* 500 (1979). We reverse.

▮▮▮ The Municipal Land Use Law, *N.J.S.A.* 40:55D–1 *et seq.*, was enacted in 1976 to reform the practices and procedures for land use throughout the State. Its sponsors characterized it as a comprehensive municipal land use enabling act, incorporating zoning, planning, site plan approval, master plan and official

---

[1] In November 1976, the Township adopted a separate Land Use Procedures Ordinance establishing a planning board and a zoning board of adjustment pursuant to the provisions of the Municipal Land Use Law, providing for the powers of said boards and fixing procedures governing applications to said board and appeals therefrom.

map legislation. The intent and purpose of the act are set forth in *N.J.S.A.* 40:55D–2. Basically, it is intended to encourage municipal action to guide the appropriate use or development of all lands in this State in a manner which will promote the public health, safety, morals and general welfare and to encourage coordination of the various public and private procedures and activities shaping land development with a view of lessening the cost of such development and to the more efficient use of land. The new Municipal Land Use Law supersedes the former Municipal Planning Act, *N.J.S.A.* 40:55–1.1 *et seq.* However, under the new law the power of a municipality to zone remains intact, restricted only by specified procedural requirements and safeguards. That power is vested by *N.J.S.A.* 40:55D–62, which provides as follows:

a. The governing body may adopt or amend a zoning ordinance relating to the nature and extent of the uses of land and of buildings and structures thereon. Such ordinance shall be adopted after the planning board has adopted the land use plan element of a master plan and all of the provisions of such zoning ordinance or any amendment or revision thereto shall either be substantially consistent with the land use plan element of the master plan or designed to effectuate such plan element; provided that the governing body may adopt a zoning ordinance or amendment or revision thereto which in whole or part is inconsistent with or not designed to effectuate the land use plan element, but only by affirmative vote of a majority of the full authorized membership of the governing body with the reasons of the governing body for so acting recorded in its minutes when adopting such a zoning ordinance; and provided further that, notwithstanding anything aforesaid, the governing body may adopt an interim zoning ordinance pursuant to subsection 77b of this act.

The zoning ordinance shall be drawn with reasonable consideration to the character of each district and its peculiar suitability for particular uses and to encourage the most appropriate use of land. The regulations in the zoning ordinance shall be uniform throughout each district for each class or kind of buildings or other structures or uses of land, including planned unit development, planned unit residential development and residential cluster, but the regulations in one district may differ from those in other districts.

b. No zoning ordinance and no amendment or revision to any zoning ordinance shall be submitted to or adopted by initiative or referendum.

One of the procedural safeguards included in the new law and continued from the previous legislation is the right of property owners to protest against any proposed amendment or revision of a zoning ordinance. That right is embodied in *N.J.S.A.* 40:55D–63 (see pp. 177–178), and follows immediately after the "Power to zone" provision.

■ The plain language of the protest provision calls for a favorable two-thirds vote of the full membership of the municipality's governing body before a properly protested amendment or revision can be adopted. Its nearly identical predecessor has been upheld in this State, *Farmer v. Meeker,* 63 *N.J.Super.* 56 (Law Div.1960); see *Johnson v. Twp. of Montville,* 109 *N.J.Super.* 511 (App.Div.1970), and similar protest provisions are in effect in most other jurisdictions. See Annotation, "Validity and construction of provisions of zoning statutes or ordinances respecting protest or petition by property owners," 4 *A.L.R.2d* 335 (1949); 2 *Rathkopf, The Law of Zoning and Planning* (4 ed. 1979), *c.* 28. As noted in 1 *Anderson, American Law of Zoning* (2 ed. 1976), § 4.33 at 251, such protest provisions are designed to protect the interests of property owners "in the stability and continuity of zoning regulations."

The question presented is whether the protest provision of the Municipal Land Use Law is operative with respect to the new zoning ordinance adopted by defendant township in accordance with the same law and in furtherance of its purposes.

The Appellate Division ruled that the protest provision was inapplicable. It construed *N.J.S.A.* 40:55D–62 as a "mandate" directing municipalities to adopt zoning ordinances in accordance with carefully defined specifications. Because of the Legislature's "overriding intent that the power of municipal land use regulation be exercised solely in accordance with all the strictures of the new law * * *," 164 *N.J.Super.* at 412, the

court found it inconceivable that the lawmakers would simultaneously shackle the municipalities' attempts to comply by subjecting all proposed ordinances to the "right of protest * * * and the necessity for a two-thirds vote." *Id.* at 413. Thus, the court specifically held that the protest provision in the Municipal Land Use Law is not applicable to zoning changes, be they amendments, revisions, or entirely new enactments, which result from ordinances "adopted in accordance with the Municipal Land Use Law and in furtherance of its purposes." *Ibid.*

We disagree. The Municipal Land Use Law did not nullify existing zoning ordinances.[2] The law requires only that when a municipality zones or rezones, it do so in accordance with the strictures and procedures contained therein.[3] To hold, as the Appellate Division did, that zoning changes adopted in accordance with the Municipal Land Use Law and in furtherance of its purposes are not subject to the right of protest, would emasculate the statutory provision for such right, since every zoning change made by a municipality after the enactment of the Municipal Land Use Law would have to conform to the Law's provisions and be in furtherance of its purposes. We conclude, therefore, that the legislative intent is that the protest provision is applicable to zoning changes under the new law.

This conclusion is supported by basic rules of statutory construction and the legislative history of the protest clause as

---

[2]Section 81 of *L.*1975, *c.* 291 (the Municipal Land Use Law), referred to by defendants, merely provided that a municipality may continue to exercise the statutory authority contained in acts repealed by the Law for a period not exceeding 6 months after repeal. It did not affect the continued validity of existing zoning ordinances.

[3]Under the Act, a municipality shall, at least every six years, provide for a general reexamination of its master plan and development regulations by its planning board which, among other things, is to report on recommended changes in the plan or regulations. *N.J.S.A.* 40:55D–89. Obviously, the legislative intent is that a municipality should reexamine its land use regulations periodically.

well. In the absence of any explicit indication of special meaning, words of a statute are to be given their ordinary and well understood meaning. *Fahey v. City of Jersey City,* 52 *N.J.* 103, 107 (1968). The protest provision, which follows immediately after the zoning power provision in the new law, expressly applies to " * * * any amendment or revision of a zoning ordinance * * *." *N.J.S.A.* 40:55D–63. Absent a specific indication in the statute that it does not apply in certain circumstances, of which we find none, its plain meaning indicates that it does apply.

■ Moreover, the Court, when construing the statute, must consider statutory history relevant to legislative intent. *State v. Madden,* 61 *N.J.* 377, 389 (1972). The right to protest zoning changes has existed in New Jersey since 1928, *L.*1928, *c.* 274, § 8, p. 698, and was amended in 1948, *L.*1948, *c.* 305, § 4, p. 1222. The protest provision in the Municipal Land Use Law of 1976 is essentially a continuation, with minor changes, of the 1948 amendment. Provisions of an act, reenacted in an amendment or revision, are held to have been the law since they were first enacted, regardless of whether the original act was repealed. Thus, rights and liabilities that accrued under the provisions of the original act, which are reenacted, are not affected by the amendment. 1A *Sutherland, Statutory Construction* (4 ed. 1972), § 22.32 at 278. The protest provision in question has been in force, without any lapse, before and after the adoption of the Municipal Land Use Law. To fashion an exception to the applicability of this provision when a municipality adopts a new or revised zoning ordinance pursuant to the Municipal Land Use Law would conflict with the Legislature's 50-year history of allowing protests of zoning changes.

■ In accordance with these well established principles, we hold that plaintiffs' protest under *N.J.S.A.* 40:55D–63, precluded the Township Council from enacting the RCM zoning change except by a two-thirds majority vote of its full membership. The judgment of the Appellate Division is therefore reversed

and the RCM zoning of plaintiffs' property hereby declared to be invalid. The balance of the 1977 ordinance is not affected by this ruling. Moreover, since it is undisputed that the Township acted in good faith and in accordance with its understanding of the law, our judgment is hereby stayed for a period of 90 days to enable the Township to adopt a valid zone plan for the area in question.

*For reversal*— Chief Justice WILENTZ and Justices SULLI-VAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK— 6.

*For affirmance*— None.