187 N.J. Super. 481 (1982)
455 A.2d 518
ROUTE 15 ASSOCIATES, A PARTNERSHIP MAINTAINING OFFICES AT 17 ACADEMY STREET, NEWARK, NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF JEFFERSON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 23, 1982.
Decided December 15, 1982.
*483 Before Judges FRITZ, JOELSON and PETRELLA.
Edwin H. Stier argued the cause for appellant (Kirsten, Friedman & Cherin, attorneys; Phillip Lewis Paley on the brief).
Eugene P. Dolan argued the cause for respondent (Kenihan, Cohen & Kron, attorneys; James M. Kenihan on the brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
Plaintiff appeals from its unsuccessful challenge to the constitutionality of an amendment to a Jefferson Township (township) zoning ordinance in a suit in lieu of prerogative writs. Although plaintiff never presented any development plan before either the planning board or zoning board of the township, it contends that the rezoning of its property from commercial to residential use was arbitrary, unreasonable and capricious; that the rezoning constituted a taking without due process, and that it did not conform to State or municipal law. Plaintiff also contends that the trial judge improperly took into account his own personal knowledge of the area. We reverse and remand for failure of compliance with N.J.S.A. 40:55D-62(a), noting as well that plaintiff did not exhaust its administrative remedies.

I
The land involved consists of approximately three acres located in Jefferson Township on a median strip between the northbound and southbound lanes of State Highway 15 about two miles north of Interstate Route 80. In 1968 or 1969 the State converted what was a two-lane road into a dualized highway by *484 constructing separate northbound lanes on the easterly portion of property now owned by plaintiff. Plaintiff's property is 134 feet wide at the northern boundary and 167 feet wide at the southern side. There is 854 feet of frontage on the southbound roadway and 860 feet of frontage on the northbound roadway. The record indicates that the property is at the base of a relatively steep hill and, moreover, that most of the property is below the highway grade on either side. Hence it is asserted that development would require a substantial amount of fill or complex drainage arrangements.
Plaintiff, a partnership whose principals are not disclosed, apparently purchased this particular property in September 1970, which is after the State's construction of the northbound lanes. The record does not disclose the purchase price of the property. Likewise, it does not reveal whether and to what extent the owner of the property at the time of any condemnation action by the State Transportation Department was paid compensation for damages to the remainder.
The property was zoned for commercial uses until 1979. The 1979 zoning ordinance amendments rezoned portions of the median strip, including plaintiff's property, for single-family residences. A thumbnail review of the area indicates that on the far side of the northbound lane near the property in question there is a partially wooded lot on which is located a heavy-equipment business. That side of Route 15 is now zoned for industrial use. On the far side of Route 15 on the southbound lane is a one-family dwelling in an area now zoned commercial. South of plaintiff's property there is vacant land, and at Route 15's intersection with a cross street there is a gas station. To the north of plaintiff's property on the median there is an old house and more vacant land. The vacant land is characterized by a steep upward grade and extreme narrowness of the median strip. At the top of the hill the median strip widens and becomes level. It contains some business establishments, including a shopping center, about a mile north of plaintiff's property. There are existing homes on the median *485 strip which are 15 to 100 years old. No construction has taken place on the median strip in the past 10 to 15 years.
The parties apparently do not dispute that the best use of the property would be as a median strip and nothing more. Although at oral argument a question was raised as to whether any development of plaintiff's property would be economically feasible, plaintiff's experts at the trial were of the opinion that commercial use was feasible, assuming appropriate precautions were taken to mitigate the traffic hazard. It was recognized that commercial development would be costly because of the drainage problem and traffic considerations. Defendant's expert was of the opinion that commercial or office use at that location would not be safe. He testified that the property was zoned for residential use because no one could propose another use which would be safe. Essentially, plaintiff seeks inverse condemnation on the thesis that the property has been zoned into inutility. Here plaintiff presented no proposal for development to either the planning or zoning board. We are satisfied from the record and the testimony therein that some development may be feasible, albeit expensive. Plaintiff cannot yet assert that he has been completely precluded from using his property. See AMG Assoc. v. Springfield Tp., 65 N.J. 101, 111-114 (1974); Morris Cty. Land Improvement Co. v. Parsippany-Troy Hills Tp., 40 N.J. 539, 554-559 (1963); Sheerr v. Evesham Tp., 184 N.J. Super. 11, 53-56 (Law Div. 1982). The trial judge did not rule on that issue and the possible inverse condemnation which was raised in the fourth count of plaintiff's complaint. Such action is presently premature.
Plaintiff contends that the amendment placing its property in a residential zone is invalid because the municipality, in amending its zoning ordinance, did not comply with N.J.S.A. 40:55D-62(a), in that the governing body did not state its reasons in the minutes of the meeting for adopting an amendment to the zoning ordinance which is in part inconsistent with the land use plan element (see N.J.S.A. 40:55D-28 b(2)) of the *486 master plan. We note with disapproval that defendant did not respond in its brief to the argument on this issue in plaintiff's brief, and moreover, that neither party has submitted to us a copy of the master plan, even though it was in evidence below. We are, however, satisfied from our review of the record that the planning board recommended that the median strip be rezoned from commercial to office use. The township's planner testified that this recommendation was rejected because of the township council's concern for traffic problems, but the minutes of the governing body's meeting do not directly support this assertion. Plaintiff's property was zoned residential in May 1979, and in August 1979 the planner recommended that it remain so. In December 1979 plaintiff's property was placed in an R-3 residential zone.
Cases which deal with invalidation of ordinances which were adopted in violation of specific procedural requirements of the land use law include Levin v. Parsippany-Troy Hills Tp., 82 N.J. 174 (1980) (protest provisions); Wolf v. Shrewsbury, 182 N.J. Super. 289 (App.Div. 1981) (lack of publication) and Pop Realty Corp. v. Springfield Tp. Bd. of Adj., 176 N.J. Super. 441 (Law Div. 1980) (ordinance adopted before land use element of the master plan).
N.J.S.A. 40:55D-62(a) provides that a governing body may adopt or amend a zoning ordinance relating to land use. Such an ordinance "shall be adopted after the planning board has adopted the land use plan element of a master plan." The provisions of the zoning ordinance or amendment "shall either be substantially consistent with the land use plan element of a master plan or designed to effectuate such plan element." The exception to this general rule empowers the governing body to adopt a zoning ordinance or amendment which is inconsistent with the land use plan "but only by affirmative vote of the majority of the full authorized membership of the governing body with the reasons of the governing body for so acting recorded in its minutes when adopting such a zoning ordinance." Under N.J.S.A. 40:55D-28, a master plan is to "generally comprise *487 a report or statement and land use and development proposals." The land use plan element of the master plan should show, among other things,
... the existing and proposed location, extent and intensity of development of land to be used in the future for varying types of residential, commercial, industrial, agricultural, recreational, educational and other public and private purposes or combination of purposes.... [N.J.S.A. 40:55D-28(b)(2)]
We are also satisfied from the record that the land use element of the master plan suggested that the median strip be placed in an office-use category. Aside from the topography and location of plaintiff's property, such use would not have been inconsistent with existing uses and the surrounding area or at a great variance from the preexisting scheme. See Levin v. Parsippany-Troy Hills Tp., supra, 82 N.J. at 176-177.
It is not completely clear that the zoning ordinance amendments which rezoned plaintiff's property in a residential zone were not "substantially consistent with the land use plan element of the master plan or designed to effectuate such plan element." N.J.S.A. 40:55D-62(a). Nevertheless, we are concerned by the immediately following proviso clause of the section which does appear to be in part inconsistent with that concerning the land use plan element. The reference to "substantially" found in the excerpt quoted above is for some reason not included in the proviso clause. Hence, we must conclude that where, as here, a part of a zoning ordinance is inconsistent with the land use plan element the governing body is required to state its specific reasons for adopting the inconsistent ordinance provisions. Certain handwritten notes attached to the minutes of the May 23, 1979 meeting do not constitute sufficient compliance with the statute.[1] Nor does an August 27, 1979 letter of the professional planner retained by the township constitute the statement of reasons of the governing body required by the *488 statute. It is not sufficient to say, as did the trial judge, that the governing body would simply adopt the same zone scheme accompanied by a statement of reasons. Although that may be the eventual result, we cannot assume that will invariably occur. Hence, we are compelled to declare the adoption of the 1979 zoning ordinance amendments invalid because of the governing body's failure to comply with N.J.S.A. 40:55D-62(a).
However, we stay our judgment for 90 days to enable the municipality to adopt a valid amendment if it so desires. See Levin v. Parsippany-Troy Hills Tp., supra, 82 N.J. at 183.

II
Nevertheless, even if it were not for this procedural difficulty, we would be compelled to remand because of the failure of plaintiff to exhaust its administrative remedies. For the guidance of the parties in the event the municipality elects to reenact the same or a similar amendatory ordinance within the 90 days accorded by this opinion, we add the following comments.
Defendant had asserted as a defense plaintiff's failure to exhaust administrative remedies. R. 4:69-5 states with reference to an action in lieu of prerogative writs:
Except where it is manifest that the interest of justice requires otherwise, actions under R. 4:69 shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted.
We agree with defendant municipality that such remedies have not been exhausted and that the facts here require application for relief at the local level. It is a firm principle in our law that a court should not reach or determine a constitutional issue unless absolutely imperative in the disposition of the litigation. Donadio v. Cunningham, 58 N.J. 309, 325-326 (1971). Cf. Scott v. Bloomfield, 52 N.J. 473 (1968). The constitutional issue is not yet ripe for review in this case.
It would be inappropriate to address plaintiff's assertions that the rezoning of its property was arbitrary, unreasonable and *489 capricious, as well as violative of due process, until it has been determined whether plaintiff may use the property in accordance with any reasonable proposal not authorized by the applicable zoning restrictions.
Indeed, where there is a constitutional challenge to a zoning ordinance, the rule is that except in unusual circumstances (such as involve solely a question of law) a challenge to a zoning or planning determination is heard by way of a nonjury plenary trial on the record below. This generally contemplates a record made at a hearing by the local zoning or planning agency, supplemented by trial testimony if necessary with respect to any constitutional issues. See Odabash v. Dumont, 65 N.J. 115, 121, n. 4 (1974); AMG Assoc. v. Springfield Tp., supra, 65 N.J. at 107-109. There are significant policy reasons for this approach. The views of the local planning or zoning agency are ascertained on whether a specific development proposal conforms with the master plan. The trial judge should have at the outset a specific statement of reasons for any approval or denial by the agencies. Realistically, a declaration of invalidity of an ordinance is generally accompanied by a stay of the judgment to afford the municipality the opportunity to rezone. See AMG Assoc. v. Springfield Tp., supra, 65 N.J. at 109-110, n. 3; Deal Gardens, Inc. v. Loch Arbour Trustees Bd., 48 N.J. 492, 496-498 (1967). Zoning is a legislative process and courts are reluctant to intrude in this area. See Bow & Arrow Manor, Inc. v. West Orange, 63 N.J. 335, 343-345 (1973). The problem would again be what is the appropriate zoning, even if residential use were found not to be feasible.
Although it is not clear, based on the record before us, that there are no appropriate uses for plaintiff's property, in the event a variance or site plan approval were denied, plaintiff still has its claim that the ordinance is in effect confiscatory as alleged in the fourth count of its complaint. The trial judge never reached that issue, and we express no opinion on it. That issue may be pursued, if necessary and appropriate, after exhaustion of plaintiff's administrative remedies, and plaintiff *490 then has the option of seeking inverse condemnation. See In re Jersey Cent. Power & Light Co., 166 N.J. Super. 540, 544 (App. Div. 1979). Cf., Washington Market Enterprises v. Trenton, 68 N.J. 107, 122 (1975) (a declaration of blight, substantially destroying the beneficial use of property, constituted a taking for which damages may be awarded); Lomarch Corp. v. Englewood, 51 N.J. 108 (1968) (former Official Map Act upheld, permitting municipality to de facto obtain option on lands intended for parks, upon payment of compensation to property owners).

III
Plaintiff also asserts that the judge injected into the trial his own personal knowledge. We are satisfied from the record that the judge did so in coming to his decision. The record is replete with comments which reflect that the judge recognized that he should not allow his personal knowledge into the case. "A judge's private knowledge is entitled to no weight at all." Wallington Home Owners' Ass'n v. Wallington, 130 N.J. Super. 461, 465 (App.Div. 1974), aff'd o.b. 66 N.J. 30 (1974); see Amadeo v. Amadeo, 64 N.J. Super. 417, 424 (App.Div. 1960). The judge or the parties could have requested a site inspection, which indeed might have resulted in observations which were consistent with the statements by the judge with respect to the character of the area involved. Nevertheless, reference to the judge's personal knowledge, without benefit of a site inspection which was part of the trial and in the presence of counsel or with their acquiescence, should be avoided. Even where there is a site inspection, ordinarily the view is not evidence but a procedure to aid the trier of fact in understanding the evidence.

IV
The decision of the trial court is reversed and the 1979 zoning ordinance amendments are declared invalid for failure to comply with the statute. Judgment is stayed for 90 days from the date of this opinion to afford the municipality the opportunity to *491 enact appropriate zoning regulations in accordance with the statute. Jurisdiction is not retained. No costs.
NOTES
[1] We are cognizant that the trial judge could have remanded the case at that time for correction of the minutes if that were appropriate. It is not appropriate to do so now in view of the time that has elapsed.