257 N.J. Super. 320 (1992)
608 A.2d 438
21ST CENTURY AMUSEMENTS, INC., A NEW JERSEY CORPORATION, RESPONDENT-PLAINTIFF,
v.
LOUIS D'ALESSANDRO, CONSTRUCTION OFFICIAL OF UNION CITY AND UNION CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANTS-DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1992.
Decided June 29, 1992.
*321 Before Judges PETRELLA and KESTIN.
Sheri K. Siegelbaum argued the cause for appellants (Scarinci & Hollenbeck, attorneys, Sheri K. Siegelbaum on the brief).
James V. Segreto argued the cause for respondent (Segreto & Segreto, attorneys, James V. Segreto of counsel and on the brief).
The opinion of the court was delivered by KESTIN, J.S.C., t/a
The plaintiff applied for a certificate of occupancy for a commercial use, specifically an amusement facility for video games and billiards. Union City's construction official determined that the proposed use was not permitted by the zoning ordinance and he declined to issue a certificate of occupancy. *322 Without availing itself of its right to apply to the Board of Adjustment for a determination of this issue, N.J.S.A. 40:55D-72, or for alternative relief such as a variance, the plaintiff filed an action in lieu of prerogative writs pursuant to R. 4:69. After a trial, judgment was entered for the plaintiff and the trial judge directed that a certificate of occupancy issue. Defendants appealed. No stay of the trial court's judgment and order was sought.
R. 4:69-5 requires a litigant in plaintiff's position to exhaust local administrative remedies before filing an action in the Superior Court unless "it is manifest that the interest of justice requires otherwise ...". See also Route 15 Assocs. v. Township of Jefferson, 187 N.J. Super. 481, 488-490, 455 A.2d 518 (App.Div. 1982). The exhaustion of remedies issue was raised and argued in the trial court. The trial judge determined that exhaustion was not necessary in this case and he proceeded to try and decide the matter. We believe this ruling to have been erroneous and we reverse.
It is axiomatic that the exhaustion of remedies requirement is neither jurisdictional nor absolute. Matawan Borough v. Monmouth County Bd. of Taxation, 51 N.J. 291, 296, 240 A.2d 8 (1968). The "interests of justice" qualification confers discretion on the court before which the rule is raised. See Nolan v. Fitzpatrick, 9 N.J. 477, 484, 487, 89 A.2d 13 (1952). Where the issues to be considered in the case are solely questions of law, exhaustion of administrative remedies may be viewed as resulting in useless delay, but
[i]n every case the court should determine whether it is in the interest of justice to dispense with the requirement that the plaintiff exhaust other judicial or administrative remedies, bearing in mind, however, that [the rule of court] itself dictates that the interest of justice is ordinarily best served by requiring the plaintiff to first exhaust his other remedies and that it is only in special circumstances that the interest of justice will require otherwise.
Id. at 487, 89 A.2d 13. See also Ward v. Keenan, 3 N.J. 298, 70 A.2d 77 (1949).
The "question of law" exception ordinarily includes challenges to ordinances, Riggs v. Township of Long Beach, 101 *323 N.J. 515, 525-526, 503 A.2d 284 (1986), and may also be applied where the issues involve interpretation of ordinances. Supermarkets Oil Co., Inc. v. Zollinger, 126 N.J. Super. 505, 507, 315 A.2d 702 (App.Div. 1974).
This case does not embody an attack upon the validity of the zoning ordinance, but rather concerns its interpretation and application. Yet, this is not the sole issue involved. A question of the relationship of the municipality's urban renewal plan to the zoning ordinance is also presented, implicating questions of local land use policy and its implementation. See Route 15 Assocs. v. Township of Jefferson, supra, 187 N.J. Super. at 489, 455 A.2d 518. In such matters, it is best if the record is made at the local level rather than in a trial court. Cf., Odabash v. Mayor & Council of Dumont, 65 N.J. 115, 121 fn. 4, 319 A.2d 712 (1974); AMG Assocs. v. Township of Springfield, 65 N.J. 101, 107-110, 319 A.2d 705 (1974).
Furthermore, this is not a case challenging an action of the local board itself or conduct clearly undertaken at its behest, which would suggest the futility of requiring that local administrative remedies be exhausted. Cf. Naylor v. Harkins, 11 N.J. 435, 444-445, 94 A.2d 825 (1953). This case, instead, concerns lines of authority and relationship in the local land use milieu, as well as the substantive issues presented. We are obliged to respect established principles of local governance. See, e.g., Committee for a Rickel Alternative v. City of Linden, 111 N.J. 192, 202-203, 543 A.2d 943 (1988); Kramer v. Board of Adjustment, 45 N.J. 268, 296-297, 212 A.2d 153 (1965); Bove v. Board of Adjustment, 100 N.J. Super. 95, 101-102, 241 A.2d 252 (App.Div. 1968). These principles require exhaustion of remedies so that the board of adjustment, as a policy-making body, may be called upon to exercise its statutory authority to review and pass upon the challenged decisions of local land use officers. N.J.S.A. 40:55D-72.
We are informed that the plaintiff is currently operating its amusement business on the site in question. It is appropriate *324 that the status quo continue pending plaintiff's application within twenty days to the Board of Adjustment for appropriate relief and throughout the pendency of that proceeding. In the event plaintiff is denied the relief it seeks on the local level after exhausting available administrative remedies, a timely action in lieu of prerogative writs may then be filed. R. 4:69-6(a).
Reversed and remanded for action consistent with this decision, including the dismissal of plaintiff's cause of action without prejudice.