**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1213-18T4

TIMOTHY J. VORHIES, SR.,

     Plaintiff-Appellant,

v.

BOARD OF ADJUSTMENT OF
THE TOWNSHIP OF ROCKAWAY,
RICHARD BATES and BATES
FLOORS, LLC,

     Defendants-Respondents.

_____

TIMOTHY J. VORHIES, SR.,

     Plaintiff-Appellant,

v.

TOWNSHIP OF ROCKAWAY,
RICHARD BATES, MICHAEL
ANTONELLI, and BATES FLOORS,
LLC,

     Defendants-Respondents.

_____

Submitted June 4, 2020 – Decided September 8, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket Nos. L-2278-17 and C-000018-17.

Garrity Graham Murphy Garofalo & Flinn, attorneys for appellant (Thomas D. Flinn, on the briefs).

Dimin Fierro, LLC, attorneys for respondent Board of Adjustment of the Township of Rockaway (William N. Dimin, on the brief).

Fein Such Kahn & Shepard PC, attorneys for respondents Richard Bates, Michael Antonelli, and Bates Floors, LLC (John M. Sydlar, on the brief).

PER CURIAM

Plaintiff Timothy J. Vorhies, Sr. appeals from: (1) an October 22, 2018 order of the Law Division dismissing his complaint in lieu of prerogative writ challenging the issuance of a permit by defendant Board of Adjustment of Rockaway Township (Board) and a related Chancery Division complaint with which it was consolidated; and (2) an October 5, 2018 order lifting restraints on the construction of a garage authorized by the permit. We affirm.

I.

The following facts are derived from the record. Plaintiff resides in defendant Rockaway Township (township) next to a parcel (the property) owned

by defendants Richard Bates and Michael Antonelli, who are principals of defendant Bates Floors, LLC (collectively "defendants").

The property is in the township's R-88 zone, which permits single-family dwellings, golf courses, plant material nurseries, parks, greenhouses, agricultural farming, and truck gardening, as well as accessory uses and structures that "are customarily incidental and subordinate to a permitted principal use." The zone does not permit commercial uses. On May 26, 2016, defendants filed a permit application to the Board to construct a garage on the property.

On June 13, 2016, plaintiff contacted township officials to inquire about large amounts of soil disturbance and the installation of a commercial dumpster on the property. He filed similar complaints several times over the following months. The township's responses were not satisfactory to plaintiff. On November 3, 2016, the Board issued defendant a permit to construct the garage.

On December 22, 2016, plaintiff's counsel wrote to the township mayor following up on the complaints and construction activity on the property. On January 9, 2017, the township attorney wrote to plaintiff's counsel informing her that the Board issued a permit to construct the garage on November 3, 2016. The township provided a copy of the permit to plaintiff's counsel on January 13,

3

2017. Plaintiff's counsel thereafter sent a series of letters to the township contending the permit was not sufficient for construction of the garage because use and bulk variances were required for the project.

On March 6, 2017, plaintiff filed a verified complaint and order to show cause in the Chancery Division seeking to restrain and enjoin defendants from further construction, arguing a site plan, bulk variance, and use variance were required for construction of the garage. The complaint also alleged the township and its employees engaged in a civil conspiracy with the other defendants to subvert the township's zoning ordinances and regulations, depriving plaintiff of the use of his property and causing him emotional and physical harm. Finally, plaintiff alleged the township and its employees acted under color of law to infringe on his substantive and procedural due process rights.

On March 31, 2017, the trial court, with the consent of the parties, issued an order dismissing the complaint without prejudice to permit plaintiff to exhaust his administrative remedies before the Board. The court ordered that "[w]ithin 20 days, plaintiff shall apply for review by [the Board], which shall 'exercise its statutory authority to review and pass upon the challenged decisions of local land use officers.'" The court also enjoined defendants from construction of the garage until the Board resolved plaintiff's claims.

On April 20, 2017, plaintiff filed an appeal of the permit with the Board. Defendants argued the appeal was untimely because it was filed after the twenty-day appeal period established in N.J.S.A. 40:55D-72(a). On September 5, 2017, the Board dismissed the appeal, concluding it was filed more than twenty days after plaintiff became aware of the issuance of the permit.

Plaintiff thereafter reopened the Chancery Division matter. In addition, on October 20, 2017, plaintiff filed a complaint in lieu of prerogative writ in the Law Division against defendants and the Board. The complaint alleged the Board's dismissal of his appeal was arbitrary, capricious and unreasonable. Pa48. The two complaints were consolidated, and defendants and the Board moved for their dismissal.

On October 5, 2017, Judge Robert J. Brennan issued a comprehensive and well-reasoned oral opinion granting the motions to dismiss. Judge Brennan rejected the argument that his March 31, 2017 order compelled the Board to consider plaintiff's challenge to the permit, even if statutorily time barred. The court applied well-established precedent that the twenty-day time period in N.J.S.A. 40:55D-72(a) begins to run when the "interested person knew or should have known of the permit[']s issuance." Judge Brennan found sufficient support in the record for the Board's determination that plaintiff knew of the issuance of

A-1213-18T4

the permit more than twenty days prior to the filing of his appeal. The judge found that plaintiff was made aware of the permit at the latest on January 13, 2017, when a copy of it was produced by the township. The court held that twenty days from January 13, 2017, was February 2, 2017, and that plaintiff failed to file an appeal with the Board by that date.

Judge Brennan also rejected plaintiff's arguments that the Board should be estopped from applying the statutory filing deadline and that defendants waived the filing deadline by not appealing the trial court's March 31, 2017 order. Finally, the court declined to extend the statutory filing deadline, finding township officials did not frustrate plaintiff's ability to challenge the permit. The parties did not raise, and the court's opinion did not address, the conspiracy and color of law claims in the Chancery Division complaint.

On October 5, 2018, the trial court entered an order dissolving restraints on defendants' construction of the garage and dismissing the Chancery Division complaint as moot. On October 22, 2018, the trial court entered an order dismissing both the Law Division complaint and the Chancery Division complaint.

This appeal follows. Plaintiff makes the following arguments.

POINT I

THE COURT BELOW APPLIED THE WRONG STANDARD OF REVIEW.

POINT II

THE DEFENDANT ZONING BOARD ERRED IN ITS CONCLUSION THAT PLAINTIFF'S APPEAL WAS BARRED BY N.J.S.A. 40:55D-72(a).

POINT III

THE REQUIREMENT OF R. 4:69-5 OUGHT TO HAVE BEEN WAIVED.

POINT IV

GARROU AND MULLEN REQUIRE REVERSAL.

POINT V

THE ORDERS APPEALED DISMISSED COUNTS FOUR AND FIVE OF THE VERIFIED COMPLAINT WITHOUT THE BENEFIT OF DISCOVERY, HEARING, OR ANY CONSIDERATION OF THE VIABILITY OF THOSE CLAIMS.

II.

The scope of the Board's authority and jurisdiction are questions of law subject to de novo review. TWC Realty P'ship v. Zoning Bd. of Adjustment, 315 N.J. Super. 205, 211 (Law Div. 1998), aff'd, 21 N.J. Super. 216 (App. Div.

1999). The Board's resolution of factual issues must stand if supported by sufficient credible evidence. Rowatti v. Gonchar, 101 N.J. 46, 51 (1985).

N.J.S.A. 40:55D-70(a) provides that zoning boards of adjustment "shall have the power to . . . [h]ear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative officer based on or made in the enforcement of the zoning ordinance . . . ."

> Appeals to the board of adjustment may be taken by any interested party affected by any decision of an administrative officer of the municipality based on or made in the enforcement of the zoning ordinance or official map. Such appeal shall be taken within 20 days by filing a notice of appeal with the officer from whom the appeal is taken specifying the grounds of such appeal. . . .
>
> [N.J.S.A. 40:55D-72(a).]

"An interested party clearly includes a neighbor who is affected by the grant of a building permit that will result in a structure [on adjacent property] that violates the zoning ordinance." Harz v. Borough of Spring Lake, 234 N.J. 317, 322 (2018) (alteration in original) (internal quotations omitted).

The twenty-day period to appeal to the Board "was intended to provide a degree of assurance that the recipient could rely on the decision of the administrative officer" and "was clearly designed to insulate the recipient of a

building permit or other favorable disposition from the threat of unrestrained future challenge." Sitkowski v. Zoning Bd. of Adjustment, 238 N.J. Super. 255, 260 (App. Div. 1990). "However, because no provision requires the administrative officer to notify a nearby property owner about the issuance of a zoning permit, the property owner may not know of the official action until well beyond the twenty-day limitations period." Harz, 234 N.J. at 322. "In that circumstance, courts have taken the sensible position that 'the time for appeal begins to run from the date an interested person knew or should have known of the permit's issuance.'" Ibid. (quoting Trenkemp v. Twp. of Burlington, 170 N.J. Super. 251, 268 (Law Div. 1979)). The Board's "function is to make the factual determination as to when an appellant knew or should have known of a building permit's issuance . . . ." Trenkemp, 170 N.J. Super. at 270.

Having carefully reviewed the record in light of these legal principles, we agree with Judge Brennan's conclusion that there is sufficient support in the record for the Board's determination that plaintiff's appeal was untimely. At the latest, plaintiff was aware of the permit as of January 13, 2017, when his counsel received a copy of the permit. Twenty days from January 13, 2017, was February 2, 2017. Plaintiff filed his appeal with the Board on April 20, 2017, more than two months later. Even if plaintiff is given the benefit of considering

the March 6, 2017 filing date of his Chancery Division complaint as the date he appealed the permit, his appeal was untimely.

We also reject plaintiff's argument that the trial court erred when it dismissed the prerogative writ complaint to permit plaintiff to exhaust his remedies before the Board. According to Rule 4:69-5, an action in lieu of prerogative writ "shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted." This requirement exists unless "it is manifest that the interest of justice requires otherwise . . . ." Ibid. Where administrative remedies have not been exhausted, it is appropriate for a trial court to remand a prerogative writ complaint to a municipal body to "exercise its statutory authority to review and pass upon the challenged decisions of local land use officers." See 21st Century Amusements, Inc. v. D'Alessandro, 257 N.J. Super. 320, 323 (App. Div. 1992) (citing N.J.S.A. 40:5D-72).[1]

We are not persuaded by plaintiff's argument that the holdings in Garrou v. Teaneck Tryon Co., 11 N.J. 294 (1953), and Mullen v. Ippolito Corp., 428

---

[1] We note that the March 31, 2017 order dismissing the Chancery Division complaint without prejudice was entered with plaintiff's consent. An order entered with the consent of the parties is ordinarily not appealable for the purpose of challenging its substantive provisions. See Winberry v. Salisbury, 5 N.J. 240, 255 (1950).

N.J. Super. 85 (App. Div. 2012), require reversal of the trial court orders. In Garrou, the Court relaxed the prerogative writ exhaustion of administrative remedies requirement where a party demonstrates: (1) there has been a clear violation of a zoning ordinance; (2) a failure of appropriate action despite the matter having been duly and sufficiently brought to the attention of local officials charged with enforcing the zoning ordinance; and (3) the unavailability of other adequate and realistic forms of relief. 11 N.J. at 302-04. Those factors are not present here. While plaintiff may have brought his complaints to the attention of the appropriate municipal officials, he had not demonstrated their failure to take appropriate action or that he did not have available to him an adequate form of relief. Township officials responded to plaintiff's inquiries and produced a copy of the permit issued to defendants, which plaintiff did not appeal in a timely fashion.

In Mullen, we held that the twenty-day period in N.J.S.A. 40:55D-72(a) did not commence because the municipal official failed to take enforcement action, displaying "a pattern of indifference" in the face repeated complaints that a property owner was defying the municipal zoning ordinance. 428 N.J. Super. at 103. Here, municipal officials reviewed and approved the construction of the garage that was the subject to plaintiff's complaints.

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Plaintiff argues the trial court erred when it dismissed the counts of his Chancery Division complaint alleging civil conspiracy and deprivation of rights under the color of law. He did not, however, challenge the dismissal of those counts in the trial court. We, therefore, decline to address those arguments. Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2020); see also Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-1213-18T4