224 N.J. Super. 400 (1988)
540 A.2d 898
EVE WEHRLE, PETITIONER-RESPONDENT,
v.
AMERICAN CAN COMPANY, RESPONDENT-APPELLANT,
v.
SECOND INJURY FUND, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1988.
Decided April 21, 1988.
*401 Before Judges MICHELS, GAYNOR and ARNOLD M. STEIN.
Allen L. Lockspeiser argued the cause for appellant (Carpenter, Bennett & Morrissey, attorneys; Arthur M. Lizza, of counsel, and Allan L. Lockspeiser, on the brief).
Allen S. Goldberger argued the cause for respondent Wehrle (Goldberger & Seligsohn, attorneys; Allen S. Goldberger, on the brief).
Lois J. Gregory, Deputy Attorney General, argued the cause for respondent Commissioner of Labor as Custodian of the Second Injury Fund (W. Cary Edwards, Attorney General, attorney; James J. Ciancia, Assistant Attorney General, of counsel, and Lois J. Gregory, on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.S.C., temporarily assigned.
Respondent employer American Can Company appeals from that part of the final judgment of the Division of Workers' Compensation holding that the death dependency benefits payments awarded to petitioner-widow are to be made solely by the employer, and not by the Second Injury Fund. We affirm.
By order of judgment dated December 16, 1974 Russell A. Wehrle was found to be totally and permanently disabled, as a result of a work-connected pulmonary condition arising from his employment at American Can, and because of certain other pre-existing conditions and disabilities. The judge of compensation found that American Can was responsible for 85% of Wehrle's disability and the Fund for the remaining 15%. Pursuant to N.J.S.A. 34:15-95.1 as the statute then read, the judge *402 of compensation submitted an advisory report to the Commissioner of Labor and Industry, who accepted this recommendation that the Fund continue payments after the employer's obligations were exhausted.[1]
Respondent made total disability payments to Wehrle for the required 382 1/2 weeks. Thereafter, the Fund continued payment until Wehrle's death on April 16, 1982.
Petitioner thereafter filed death dependency claim petitions against both American Can and the Fund. Causal relationship was not in dispute in the hearing before the Judge of Compensation. He found that the work-connected pulmonary disease of decedent was a material contributing factor to his death, and awarded death dependency benefits to petitioner, pursuant to N.J.S.A. 34:15-13. The Judge of Compensation further held that American Can was solely responsible for payment of these benefits, and dismissed the petitioner's claim against the Second Injury Fund.
Respondent contends that the Second Injury Fund should be the source of death dependency payments to petitioner. It is urged that the 1980 amendment to N.J.S.A. 34:15-95.4 (Laws of 1980, c. 83, § 1) mandate such payments from the Fund. The statute provides in pertinent part:
Any employee or dependent receiving further weekly benefits as provided under R.S. 34:15-95, R.S. 34:15-12(b) or R.S. 34:15-13 at a rate applicable prior to January 1, 1980, and whose payment is less than the maximum compensation rate in effect for the year 1980 shall be entitled to receive a special adjustment benefit payment from the fund provided for by R.S. 34:15-94 and R.S. 34:15-95 and from those sources as provided for by this 1980 amendatory and supplementary act.
Any dependent, as defined in R.S. 34:15-13, of a person totally disabled who dies while receiving compensation from the fund provided for by R.S. 34:15-94 and 34:15-95, shall become entitled to dependent benefits under this chapter which are comparable to payments made to other dependents under the Workers' *403 Compensation Law, on or after the effective date of this 1980 amendatory and supplementary act.
All compensation payments made under this chapter to a dependent, as defined under R.S. 34:15-13, of an individual who dies while receiving such compensation, shall be payable only where the compensable occupational injury or disease of the decedent is a material contributing factor to his death.
The payment of these adjustment benefits shall be paid to an employee or dependent as long as the employee or dependent is eligible to receive payments under R.S. 34:15-95, R.S. 34:15-12(b), R.S. 34:15-13, or this section.
We disagree with respondent's contention. By this "special benefits" amendment, the Legislature did not intend to create as a new class of recipient the dependents of those workers who died as a result of sustaining compensable injuries or conditions. The remedy for such dependents lies elsewhere in the Workers' Compensation Act. The purpose of N.J.S.A. 34:15-95.4 was to provide increased weekly payments to the recipients of Workers' Compensation benefits, including not only disabled workers, but their survivors entitled to file claims for death dependency benefits under N.J.S.A. 34:15-13. See Beyer v. Porter-Hayden, 212 N.J. Super. 539, 543 (App.Div. 1985). Its purpose was not to make the Fund a source of the entire death dependency payment.
The legislative history of this statute makes this purpose clear. The statement attached to Assembly Bill 1206 (1980) provided:
This bill would provide a special adjustment benefit payment for the totally disabled victims of earlier industrial accidents whose level of compensation has fallen woefully below current needs. For example, a worker injured 20 years ago might now be receiving a disability benefit of $30.00 or $40.00 per week as compared with the current standard of $185.00, yet, the needs of both may be the same. The program will be integrated with public or private income security or disability benefit programs to provide a floor for totally disabled New Jersey industrial accident victims.
The cost of the bill will be funded out of the insolvent insurers funds and assessment of self-insurers in the first year and by the Second Injury Fund in subsequent years. The increased benefit will be phased in over a 4 year period in stages of 25% each year.
In reporting out this bill, the Assembly Labor Committee's statement recited in pertinent part that the bill
... would provide a "special adjustment benefit payment" to the workers' compensation benefit payments of the permanently and totally disabled victims of earlier occupational accidents and diseases whose levels of compensation *404 have fallen well below current day basis needs. It would adjust benefits upward for the eligible surviving dependents of workers' compensation recipients as well. By amendment, the surviving dependents of "Second Injury Fund" recipients have been included. Dependents' benefits under committee amendment would be limited, however, to those cases where the compensable occupational injury or disease of the decedent was a "material contributing factor" in his death. [Emphasis added.]
Review of this statute and its legislative history makes it clear that this is an enhanced benefits law, not one which provides for death dependency claims to be made against and payable from the Fund. Under the Second Injury Fund law, "no person shall be deemed to acquire or to have acquired any vested rights...." N.J.S.A. 34:15-95.2. The Second Injury Fund is important social legislation. Its policy is to encourage the hiring by industry of people handicapped by pre-existing disability. Its resources are limited. The Fund should not be saddled with additional financial obligations unless the legislation expressly so mandates. Paul v. Baltimore Upholstering Co., 66 N.J. 111, 129 (1974).
The judgment of the Division of Worker's Compensation, and the order dismissing the petitioner's claim petition against the Second Injury Fund, are both affirmed.
NOTES
[1] In 1981, by N.J.S.A. 34:1A-1.1, the Department's name was changed to the Department of Labor. The Commissioner's title was changed to Commissioner of Labor. L. 1981, c. 122, § 29. In 1984, N.J.S.A. 34:15-95.1 was amended to authorize the Judge of Compensation, rather than the Commissioner of Labor, to determine eligibility for Second Injury Fund payments. L. 1983, c. 421, § 1.