EVE WEHRLE, PETITIONER–RESPONDENT, v. AMERICAN
CAN COMPANY, RESPONDENT–APPELLANT, v. SECOND
INJURY FUND, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 19, 1988—Decided April 2, 1988.

Remanded by the Supreme Court July 8,
1988—Reargued September 15, 1988.

Decided October 24, 1988.

Before Judges MICHELS and ARNOLD M. STEIN.

*Anthony C. Famulari* argued the cause for appellant (*Carpenter, Bennett & Morrissey,* attorneys; *Arthur M. Lizza,* of counsel; *Allan L. Lockspeiser,* on the brief; *Dominick Bratti,* on the supplemental brief).

*Allen S. Goldberger* argued the cause for respondent Wehrle (*Goldberger & Seligsohn,* attorneys; *Allen S. Goldberger,* on the brief and supplemental brief).

*Lois J. Gregory,* Deputy Attorney General, argued the cause for respondent Commissioner of Labor as Custodian of the Second Injury Fund (*W. Cary Edwards,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Lois J. Gregory* on the brief and supplemental brief).

The opinion of the court was delivered by

ARNOLD M. STEIN, J.A.D.

We review this matter on remand from the Supreme Court.

In 1974 Russell A. Wehrle was adjudicated totally and permanently disabled as a result of a work-connected pulmonary condition combined with other pre-existing conditions and disabilities. Allocation of this disability was fixed at 85% for American Can and 15% for the Second Injury Fund.

American Can made total disability payments to Wehrle for the required 382½ weeks. The Fund continued payments until Wehrle's death on April 16, 1982.

Petitioner, Wehrle's widow, then filed death dependency claim petitions against both American Can and the Fund. Causal relationship was not in dispute at the hearing before the judge of compensation, who awarded death dependency benefits to petitioner pursuant to *N.J.S.A.* 34:15–13. The judge of compensation ruled that American Can was solely responsible for payment of death dependency benefits, and dismissed the claim against the Fund.

In our earlier opinion, we affirmed the ruling of the judge of compensation, rejecting American Can's contention that the Fund should be the source of death dependency payments to petitioner. We specifically ruled that the purpose of *N.J.S.A.* 34:15–95.4, the 1980 "special benefits" amendment to the Workers' Compensation Act, was not to make the Fund a source of the entire death dependency payment. *Wehrle v. American Can Co.*, 224 *N.J.Super.* 400, 403–404 (App.Div.1988), certif. granted and remanded, 111 *N.J.* 642 (1988).

The Supreme Court granted American Can's petition for certification and summarily remanded the matter to us

> ... to reconsider if a portion of the special adjustment benefit should be paid for by the Second Injury Fund. See *Beyer v. Porter–Hayden*, 104 *N.J.* 104 (1986).[1]

When the matter was before us for the first time, the issue in dispute in the briefs filed and at oral argument was whether either American Can or the Fund should pay all of the death dependency benefits due to petitioner. We were not asked to consider, and we did not consider, who would be responsible for any special adjustment benefit payments which might be due to petitioner. Indeed, none of the parties before us—American Can, the Fund, and the petitioner—even addressed the question

---

[1]We note the inadvertent omission of the Supreme Court citation in *Beyer* from our earlier opinion. In citing the Appellate Division's opinion in *Beyer* (212 *N.J.Super.* 539, 543 (App.Div.1985)), we neglected to make reference to the Supreme Court's affirmance.

of petitioner's eligibility for special adjustment benefits under *N.J.S.A.* 34:15–95.4.

Pursuant to the Supreme Court's remand instructions, we now consider this matter for the first time.

In accordance with *N.J.S.A.* 34:15–13a, petitioner's death dependency rate was fixed at $83.90 per week, representing 50% of decedent's last-earned wage. The judge of compensation made the award "subject to such Special Adjustment Benefits pursuant to *N.J.S.A.* 34:15–95.4 as the petitioner is entitled to."

Following oral argument on this remand, and at our instruction, the Fund advised us through the office of the Attorney General that Mrs. Wehrle would be entitled to a weekly special adjustment benefit as of the date of her husband's death, April 16, 1982. Her initial supplemental payment would have been $133.69, which when added to her base dependency rate of $83.90 would have entitled her to a total weekly payment of $217.59, as of the date of Mr. Wehrle's death. Her present special adjustment benefit rate is $211.13, which when added to her base rate of $83.90, provides her with a total weekly death dependency benefit of $295.03. We are advised that no special adjustment benefit was ever paid to Mrs. Wehrle because the matter was never pursued by the Office of Special Adjustments of the Division of Workers' Compensation, due to the failure of American Can Co. to return forms to that office. We trust that this inexcusable administrative oversight has already been corrected by concerned parties.

We conclude that the Second Injury Fund is ultimately responsible for all special adjustment benefits and supplements thereto due Mrs. Wehrle. The last two unnumbered paragraphs of *N.J.S.A.* 34:15–95.4 now provide in pertinent part:

Payments of the adjustment shall be made from the fund created under *R.S.* 34:15–94 in the manner hereinafter provided. The Commissioner of Labor shall make payments from the fund directly to the persons who are now receiving benefits under *R.S.* 34:15–95 and to their dependents becoming eligible for dependents' benefits under this 1980 amendatory and supplementary act by

increasing or, as the case may be, setting the weekly compensation payment to include the weekly adjustment. *In the case of persons who are entitled to compensation under R.S. 34:15–12(b) or R.S. 34:15–13, the insurance carrier or self-insured employer in the second and subsequent fiscal years after enactment shall increase the weekly compensation payments to include the weekly adjustment and shall credit the payment against the assessments payable by the insurance carrier or self-insurer under R.S. 34:15–94.*

Beginning in the fiscal year 1984 and in every fiscal year thereafter, a supplement to the special adjustment benefit payment shall be paid to all employees or dependents entitled to the special adjustment benefit payment. The supplement to the special adjustment benefit payment shall be paid in an amount, in combination with income from all sources referred to in this section, which bears the same percentage relationship to the then current maximum workers' compensation rate that the worker's own compensation rate awarded as a result of the injury or death bears to the then effective maximum workers' compensation rate. *Beginning in fiscal year 1986, payment of supplements to the special adjustment benefits shall be made from the fund created under R.S. 34:15–94.* Payment of supplements to the special adjustment benefits for fiscal years 1984 land 1985 shall be from interest earned and accrued upon moneys belonging to "the stock workers' compensation security fund" and "the mutual workers' compensation security fund" during fiscal years 1981 through 1985, and from special assessments upon self-insured employers in the same proportions as provided under *R.S.* 34:15–94. [emphasis added].

The statutory language is unambiguous and must be given its plain meaning. *Levin v. Township of Parsippany–Troy Hills,* 82 *N.J.* 174, 182 (1980). It makes special adjustment benefits payable to death dependency recipients the ultimate responsibility of the Second Injury Fund. The Supreme Court has so indicated in its opinion in *Beyer, supra,* 104 *N.J.* fn. 2 at 106:

The Commissioner's interest in this matter derives from the fact that special adjustment benefits are ultimately paid from the Second Injury Fund, created under *N.J.S.A.* 34:15–94. This fund is maintained by assessments against self-insurers and companies writing employer liability insurance. *N.J.S.A.* 34:15–94. *Under certain circumstances a self-insurer or insurance carrier must pay a SAB directly to the recipient. However, these payments are credited against the insurer's annual N.J.S.A. 34:15–94 assessment.* Consequently, even if an insurer assumes liability for SAB payments, the revenues of the Second Injury Fund will be diminished. [emphasis added].

We reaffirm our earlier decision that the base death dependency rate is payable entirely by the decedent's employer, American Can. We now determine that the special adjustment

benefits are to be paid directly by American Can. Through fiscal year 1985, the entire amount of these payments are to be credited against American Can's Second Injury Fund assessment levied pursuant to *N.J.S.A.* 34:15–94. Beginning with fiscal year 1986, payments of supplements to the special adjustment benefits will be paid directly from the fund created under *N.J.S.A.* 34:15–94. See *N.J.S.A.* 34:15–95.4, last unnumbered paragraph.

The judgment of the Division of Workers' Compensation is reaffirmed as modified herein.