134 N.J. Super. 459 (1975)
341 A.2d 687
SNYDER-WESTERLIND CORPORATION, PLAINTIFF-APPELLANT,
v.
MAYOR & COUNCIL OF THE BOROUGH OF ATLANTIC HIGHLANDS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1975.
Decided June 10, 1975.
*460 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Robert S. Greenbaum argued the cause for appellant (Messrs. Greenbaum, Greenbaum, Rowe & Smith, attorneys; Mr. David S. Gordon, on the brief).
Mr. John C. Manna argued the cause for respondent (Messrs. Manna & Kreizman, attorneys).
PER CURIAM.
Plaintiff appeals a judgment of the Law Division upholding the denial of a requested variance to use certain property overlooking Raritan Bay for high-rise condominiums. The board of adjustment of defendant borough had originally recommended that the use variance be granted. Defendant mayor and council refused to act on the recommendation for no apparent purpose and thus in effect "pocket *461 vetoed" the recommendations under N.J.S.A. 40:55-39.1. In reaching his conclusion the Law Division judge determined that the inaction of defendants under the aforementioned statute was entitled to a presumption of validity, just as if the governing body had acted and denied by resolution. His authority for this conclusion was his prior opinion in Wickatunk Village, Inc. v. Marlboro Tp., 118 N.J. Super. 445 (Law Div. 1972).
The property in question is presently the subject matter of condemnation proceedings instituted by Monmouth County. However, those proceedings in nowise affect this case.
The trial judge, in rendering his oral opinion, chastised defendant officials for their failure to act on the recommendations of the board of adjustment, and after stating that he probably should remand the case to defendant, proceeded to decide the issue himself. We agree with the trial judge in his criticism of defendant officials who effectively abdicated their duties and responsibilities to the citizens of the Borough of Atlantic Highlands in acting in the manner that they did. If they acted in accordance with legal advice, that advice was incorrect. We disagree, however, with the procedure followed by the trial judge in deciding the case without remand to defendants.
We also disagree with the conclusion of the trial judge here and in his prior opinion in Wickatunk Village, Inc. v. Marlboro Tp., above, that a presumption of reasonableness attaches to a statutory denial by official inaction, pursuant to N.J.S.A. 40:55-39.1, in the same manner as though the governing body had acted and denied the request by resolution. First, the statute was enacted for the benefit of applicants who sought relief pursuant to N.J.S.A. 40: 55-39(d). It seeks to prevent such an applicant from being subjected to intolerable delays by municipal officials in the hope that the passage of time will discourage or effectively defeat an application. The provisions of section 39.1 may *462 be waived by an applicant if that is his desire. If the applicant insists that the provision be waived and the municipal officials act, they are bound to act. The statute itself provides:
* * * the governing body * * * shall take action upon such recommendation within 60 days * * * or within such further time as the applicant may agree to * * *. [Emphasis supplied]
We do not believe that the failure of municipal officials to act on an application for unworthy reasons  for example, that an application presents a politically unpopular atmosphere  should redound to the benefit of the municipality just as if proper action had been taken. Here, appellant expressly stated in writing that it waived the statutory time period and requested an adjournment of the hearing on the application for a variance. If the governing body was disinclined to grant an adjournment, it should have decided the matter on the merits. Both the applicant and the citizens of the municipality are entitled to the benefit of official action.
We reverse the judgment of the Law Division and remand the proceedings to defendant mayor and council for appropriate action under the provisions of N.J.S.A. 40:55-39 (d). We express no opinion as to the merits as they have been presented to us on this appeal. However, since the judgment of the Law Division is vacated, we caution defendant not to place reliance on its opinion.
Reversed and remanded.