185 N.J. Super. 336 (1982)
448 A.2d 522
LAWRENCE M. KRAIN ASSOCIATES, INC., PLAINTIFF,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF MAPLE SHADE AND ZONING BOARD OF ADJUSTMENT OF TOWNSHIP OF MAPLE SHADE, DEFENDANTS.
Superior Court of New Jersey, Law Division Burlington County.
Decided March 10, 1982.
*337 John T. Barbour for plaintiff (Barbour & Costa, attorneys).
John Harrington for defendants (Hartman, Schlesinger, Schlosser & Faxon, attorneys).
HAINES, A.J.S.C.
Prior to the Legislature's adoption of the Municipal Land Use Law, Maple Shade Township adopted a zoning ordinance creating a "weak" zoning board of adjustment. N.J.S.A. 40:55-36-39. On January 7, 1977, after the new law became effective, an amendment to the zoning ordinance was adopted creating a strong board, as required by N.J.S.A. 40:55D-69. The amendment, Ordinance 1976-26, was not filed with the county planning *338 board, as required in the case of zoning ordinances by N.J.S.A. 40:55D-16, until August 10, 1981, after this litigation commenced. The amendment, after providing for the powers of the board in the language of N.J.S.A. 40:55D-70, stated that "[n]o variance or other relief may be granted under the provisions of Subparagraphs A, B, C or D of this Section." The statutory language, apparently omitted in the drafting of the ordinance, is that "[n]o variance or other relief may be granted under the terms of this section unless such variance or other relief can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance." On September 16, 1981 the township adopted Ordinance 1981-15, amending Ordinance 1976-26 to supply the omitted language, expressly providing that it was retroactive to January 5, 1977. This ordinance was not referred to the township planning board, as required in the case of zoning ordinances by N.J.S.A. 40:55D-1 et seq. for review prior to final adoption. Further, final notice of passage of Ordinance 1981-15 was never published.
Plaintiff owns a lot in Maple Shade Township upon which it seeks to erect a sign, claiming this to be the only possible use for the premises. The proposed sign is larger than that permitted by the municipal zoning regulations, and plaintiff, therefore, applied to the Maple Shade Board of Adjustment for a variance. Its first application, filed on April 17, 1980, sought approval for the erection of a sign with dimensions of 16 feet by 60 feet. A hearing on this application was held on May 14, 1980, resulting in the adoption of a motion to deny the variance. No verbatim record was kept of these proceedings. On August 12, 1980 a formal resolution was adopted memoralizing the denial. Plaintiff filed a second application for a variance on June 20, 1980, this time reducing the size of the proposed sign to 14 feet by 40 feet. The hearing on this application, held on July 9, 1980, resulted in a denial of the requested variance, memorialized in a *339 formal resolution adopted on August 12, 1980. Plaintiff now challenges these denials, claiming the variances should have been granted as a matter of law, arguing in addition that the township's zoning ordinances were and are void and unenforceable.
Plaintiff claims that Maple Shade had no valid board of adjustment in existence at the time of the hearings because Ordinance 1976-26, creating the board, was not filed. The township argues, however, that 1976-26 was not a "zoning" ordinance and was not required to be filed by N.J.S.A. 40:55D-16. That statute, in pertinent part, reads as follows:
The zoning, subdivision, site plan review ordinances or any revision or amendment thereto shall not take effect until a copy thereof shall be filed with the county planning board ...
........
Copies of all development regulations and revisions or amendments thereto shall be filed and maintained in the office of the municipal clerk.
The use of the words "zoning ordinances" and "development regulations" appears to make them interchangeable. N.J.S.A. 40:55D-4 defines "development regulations" as:
... a zoning ordinance, subdivision ordinance, site plan ordinance, official map ordinance or other municipal regulation of the use and development of land, or amendment thereto adopted and filed pursuant to this act.
Thus, a zoning ordinance is a "regulation of the use and development of land." Can it therefore be said that an ordinance which merely creates a board of adjustment is a zoning ordinance?
N.J.S.A. 40:55D-65 sets forth the matters which may be regulated by a board of adjustment. It makes no reference to a board of adjustment. N.J.S.A. 40:55D-69 distinguishes a zoning ordinance from one which creates the board. It provides that "upon the adoption of a zoning ordinance, the governing body shall create by ordinance, a zoning board of adjustment." These boards, under N.J.S.A. 40:55D-70, are authorized, among other things, to interpret "zoning ordinances" and to grant variances *340 which do not substantially impair the intent and purpose of the zone plan and zoning ordinance," indicating that separate legislation is being addressed. If ordinances establishing boards are zoning ordinances, this statutory language would permit their interpretation by the boards they create  a result not likely to have been intended by the Legislature. It is these frequently amended ordinances, imposing conditions upon the use of land, which must be made readily available to the public through a uniform filing scheme at the county level. Boards of adjustment come into play only when problems arise with respect to use conditions. Procedures for appeals and other applications to these boards are statutory and therefore readily available without reference to a filed ordinance. It is reasonable to conclude that the Legislature did not intend the county filing requirement to apply to ordinances creating boards of adjustment and Maple Shade Ordinance 1976-26 was therefore enforceable, though not filed.[1]
One more problem must be addressed, however, before it may be said that Ordinance 1976-26, creating the board, was effective at the time plaintiff's variance applications were considered. That ordinance, while generally parroting the language of N.J.S.A. 40:55D-70, omitted significant words. The result was that the ordinance completely prohibited the board of adjustment from granting any variances, saying: "No variance or other relief may be granted under the provisions of Subparagraphs A, B, C, or D of this Section." This provision, had the statute been copied faithfully, would have read: "No variance or other relief may be granted under the terms of this section unless such variance or other relief can be granted without substantial detriment to the public good and will not substantially *341 impair the intent and purpose of the zone plan and zoning ordinance." This error of omission was obviously typographical. The intent of the governing body in adopting the ordinance is entirely clear; it could not have intended to confer powers upon the board, only to take them all away without reason or condition. The obligation of the court, in construing legislation, is to ascertain that intent, to disregard a literal reading leading to an absurd result and to furnish omitted words when doing so will promote and not frustrate the legislative will. Schierstead v. Brigantine, 29 N.J. 220, 230 (1959). These general rules of construction require Maple Shade's ordinance to be read as though the omitted words were included, thereby making it enforceable. Furthermore, the statute itself N.J.S.A. 40:55D-70, is mandatory and supplies the missing language. It confers express authority over variances upon the board of adjustment. These powers may not be distorted by ordinance. The rule is set forth in Duffcon Concrete Products v. Cresskill, 1 N.J. 509 (1949):
The guiding standards which govern the Board of Adjustment are carefully set forth in R.S. 40:155-39 [now N.J.S.A. 40:55D-70]. Once the Board of Adjustment is provided for in the zoning ordinance, its powers stem directly from the statute ... and may not in any way be circumscribed, altered or extended by the municipal governing body. Under these circumstances, the inclusion in the zoning ordinance of a word for word recital of the statutory powers of the Board of Adjustment would be superfluous. [at 515-516]
As a result of these conclusions, upholding the validity of Ordinance 1976-26, questions relating to the validity of the final amending ordinance, No. 1981-15, became moot. The only question that remains is whether the denials of the variances by the board were arbitrary, requiring a reversal.
Unfortunately, this issue cannot be confronted. Under N.J.S.A. 40:55D-10f a verbatim recording of the proceedings should have been made. This was not done with respect to the first variance application, a circumstance requiring a remand and a complete new hearing. Carbone v. Weehawken Tp. Planning *342 Board, 175 N.J. Super. 584 (Law Div. 1980). A proper recording of the hearing on the second variance application was made but the resolution denying the variance is entirely inadequate. It was required to include findings of fact and reasons for the conclusions reached. The resolution merely refers to a lack of evidence regarding "potential uses of the property resulting from riparian rights upon the waterfront"; it finds no other facts and provides no reasons for denying the variance except to repeat, with modest variations, the language of the statute. This is not enough. In Peoples Trust v. Hasbrouck Heights, 60 N.J. Super. 569 (App.Div. 1959) the court said:
In the present case however the local board made no findings of fact nor did it give any reasons for its denial of the application. This was improper because without these basic elements, it is impossible for the reviewing court to determine whether or not the board acted properly and within the limits of its authority. [at 574]
In Harrington Glen v. Leonia, 52 N.J. 22 (1969) the Supreme Court held that
Denial of a variance on a summary finding couched in the conclusionary language of the statute is not adequate. There must be a statement of the specific findings of fact on which the board reached a conclusion that the statutory criteria for a variance were not satisfied. Unless such findings are recited, a reviewing court cannot determine fairly whether the board acted properly and within the limits of its authority in refusing a variance. [at 28]
Consequently, a remand is also required with respect to the second application.
The first application requires a complete new hearing since no proper record was made. As to the second application, the board may adopt a proper resolution containing findings of fact, reasons and conclusions, based upon the record. Members of the board, including new members, may vote upon the new resolution, notwithstanding their absence at the time of the original hearing, provided they have a transcript or recording thereof and certify in writing to the board that they have read the transcript or listened to the recording. N.J.S.A. 40:55D-10.2.
The court retains jurisdiction.
NOTES
[1] Zoning ordinances may include provisions establishing boards of adjustment. Nothing in the statutory scheme prevents this arrangement or prohibits the filing of such ordinances.