258 N.J. Super. 437 (1992)
609 A.2d 1319
DR. C. PATEL AND AATHMA, INC., PLAINTIFFS,
v.
PLANNING BOARD OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANT.
Superior Court of New Jersey, Law Division.
June 18, 1992.
*440 Gordon Berkow, for the plaintiffs (Hutt & Berkow, attorneys).
Mark J. Rogoff, for the defendant.
WOLFSON, J.S.C.
The novel issues of statutory interpretation and application which present themselves in this zoning case arise out of the voting eligibility requirements embodied in the New Jersey Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq.
In July, 1991, plaintiffs applied to the Woodbridge Township Planning Board for minor site plan approval with ancillary bulk variances to permit a retail store along the southbound frontage of Route 1. At the conclusion of several public hearings, on December 18, 1991, a motion to approve the application was made and seconded, but failed to garner sufficient votes to pass, resulting in a statutory denial of the application. See N.J.S.A. 40:55D-9 (failure of a motion to receive the number of votes required to approve an application for development shall be deemed an action denying the application). Regrettably, no *441 resolution was adopted that night. Instead, on January 8, 1992, at the Board's annual reorganization meeting, a resolution purportedly memorializing the Board's statutory denial was adopted. Plaintiffs thereafter timely filed their complaint challenging the Board's action.

I. Voting Eligibility
At the court-scheduled pre-trial/case management conference,[1] the parties acknowledged that only one of the four Board members who had opposed the application still remained on the Board, and that this Board member failed to vote when the memorializing resolution was presented.[2] Instead, the two members who favored approval were directed by the Board's then attorney, to vote on and adopt a contrary resolution of denial.
While N.J.S.A. 40:55D-10g(2) permits the adoption of a memorializing resolution within 45 days of the date at which the board's action was taken, that statute expressly provides that:
Only the members of the municipal agency who voted for the action taken may vote on the memorializing resolution, and the vote of a majority of such members present at the meeting at which the resolution is presented for adoption shall be sufficient to adopt the resolution. An action pursuant to section 5 of the act (C.40:55D-9) (resulting from the failure of a motion to approve an application) shall be memorialized by resolution as provided above, with those members voting against the motion for approval being those members eligible to vote on the memorializing resolution. (Emphasis supplied).[3]
*442 The first issue to be resolved is whether the Legislature intended "a majority of such members present" to include a majority of one where, as here, only one member was present. After careful review of the legislative purposes of the Municipal Land Use Law and its voting and eligibility requirements, the Legislature's studied and consistent adherence to majority, special majority, and super-majority votes,[4] and its pervasive admonition that a board's failure to decide an application would result in its automatic approval,[5] it is clear that the Legislature did not intend to authorize this single Board member to validly adopt a memorializing resolution. Instead, the more logical interpretation of N.J.S.A. 40:55D-10 is that a majority of those who voted in favor of the Board's decision (in this case, against the application) must also be present at the subsequent "memorializing" meeting, and that an agreed upon form of resolution be adopted by a majority of those members. See Committee for a Rickel Altern. v. City of Linden, 111 N.J. 192, 198, 543 *443 A.2d 943 (1988) (hereafter "Rickel") (language of a statute must be taken in context and statute must be construed in conformity with its objectives); see also, Lizak v. Faria, 96 N.J. 482, 497, 476 A.2d 1189 (1984) (illogical interpretation of Legislative intent to be avoided).

II. The Futility of a Remand
Given the determination that only one eligible voter remains on the Board, and that pursuant to N.J.S.A. 40:55D-10, that member cannot validly adopt a resolution, a remand would be futile, unless some other hearing procedure, consistent with the Municipal Land Use Law, can be fashioned.[6]
In analyzing whether any authority exists for a remand hearing, several possibilities have been considered.

A. "Absent Member" Eligibility
N.J.S.A. 40:55D-10.2 provides that a member of a municipal agency who has been absent for one or more of the public hearings, shall be eligible to vote despite that absence, if the board member has available a transcript (or recording) of the hearings missed, and certifies in writing to having read the transcripts (or listened to the tapes). Does this provision authorize newly appointed board members to vote on an application heard prior to their appointment? Research discloses no case squarely addressing this issue.
In Lawrence M. Krain Assocs. v. Mayor of Maple Shade, 185 N.J. Super. 336, 342, 448 A.2d 522 (Law Div. 1982), the trial *444 court, without explanation, appears to have authorized "new" members to vote, under the circumstances there present, notwithstanding their absence at the time of the original hearing.[7] In that case, however, since a verbatim recording of the hearing, as required by N.J.S.A. 40:55D-10f, was not made, necessitating "a complete new hearing" (Id. at 341, 448 A.2d 522) the new board members would, on remand, be able to get a "feel" for the application, to hear and assess the credibility of witnesses, and to ask such questions as they deemed necessary in order to fully and fairly understand and adjudicate the merits. Indeed, where an entirely new hearing must be conducted, no voting eligibility problem exists, since the new board simply adopts whatever resolution it deems appropriate depending upon its view of the merits.
One cannot interpret N.J.S.A. 40:55D-10.2 to equate an individual, who was not a member of the board when a hearing occurred, with an existing member who was merely "absent" from a particular hearing. To construe this statute otherwise would be to ignore the specific language of the statute and the Legislature's choice of terminology. The Legislature could easily have expressly permitted new board members to vote on prior applications had it been so inclined.[8] Since it did not do *445 so, the failure to authorize newly appointed board members to vote on the record of prior hearings is deemed to have been intentional.

B. The Use of Prior Hearing Transcripts as Evidence
There is also the possibility of using the prior transcripts as evidence in a new hearing. Such a procedure not only appears contrary to the expressed limitations of N.J.S.A. 40:55D-10.2, but it seems ill-advised for other, more practical reasons, as well.
Although the technical rules of evidence are not applicable to hearings before municipal agencies, N.J.S.A. 40:55D-10e, requiring newly appointed board members to review and assimilate the information and testimony contained in prior hearing transcripts, along with the reports, studies, and engineering and planning maps, without having heard those witnesses, or having assessed their credibility, all but precludes them from developing a "feel" for the case. These practical problems would, of course, be further exacerbated if the original witnesses were unavailable to answer any questions that board members or the public might have. Such a procedure might also burden other interested parties who may lack the financial resources necessary to recall their own experts (and/or their attorney) for another series of lengthy hearings on an application which had already been statutorily denied.
In one related, but distinguishable context, the Supreme Court has authorized a planning board to consider a previously created "record", but the prior transcripts there introduced were developed before another agency  the North Bergen Municipal Port Authority  and not the planning board. In Parisi v. No. Bergen Mun. Port Authority, 105 N.J. 25, 39-40, 519 A.2d 327 (1987), the Supreme Court was called upon to decide whether and to what extent the zoning ordinance and land use regulations promulgated by the Port Authority were valid. Consistent with its conclusion that the Port Authority lacked *446 any statutory power to enact or administer zoning regulations, the Supreme Court invalidated the Port Authority's action, concluding that jurisdiction was properly vested in the local planning board. In doing so, the Court deemed it advisable for the planning board to "consider" the record established before the Port Authority. Id. at 39-40, 519 A.2d 327.
Although the Board's limited use of the prior transcripts was thus sanctioned, such an approach would appear unsuitable for widespread, general application. There, each of the North Bergen Planning Board members would essentially be hearing the application for the first time, with no preconceived notions as to the quality of the proof or the credibility of the witnesses. By way of contrast, three members of the Woodbridge Planning Board had previously heard and evaluated the testimony in this case, had previously assessed the credibility of the witnesses, and had reached their own conclusions on the merits. These circumstances would render it difficult, if not impossible, to insulate the newly appointed Board members from being exposed to or influenced by extraneous and non-evidential matters, which might interfere with their obligations to adjudicate the application based upon the evidence presented, rather than upon the perceptions or conclusions of the three original Board members. See, e.g., Dolan v. DeCapua, 16 N.J. 599, 612, 109 A.2d 615 (1954); cf. Stolz v. Ellenstein, 7 N.J. 291, 295-297, 81 A.2d 476 (1951) (presumption of validity does not attach where board's determination rests on facts dehors the record). Moreover, if prior transcripts were routinely used other than by "absent members" (as authorized by N.J.S.A. 40:55D-10.2) the "exception" would not only circumvent the statutory rule, but it would "swallow" it as well. Indeed section 10.2 would become superfluous since prior transcripts could, without apparent limitation, be incorporated into any record, without any necessity for board members to certify actually having read the transcripts. Neither the Supreme Court nor the Legislature could have contemplated such a result, and it is rejected by this court as well.

*447 C. Remanding the Matter For a New Hearing

It is also inappropriate to require a remand to conduct an entirely new hearing. While this approach might eliminate some of the problems identified in sections I and IIA, supra, the circumstances of this case, and the delays inherent in remanding for a new hearing, militate against this option.
The applicants in this case originally applied for a minor site plan approval nearly one year ago, in July, 1991. Although no valid resolution was ever adopted, the application was not deemed denied by operation of law until December of that year.
The purposes of the Municipal Land Use Law have been generally set forth in N.J.S.A. 40:55D-2:
to encourage municipal action to guide the appropriate use or development of all lands in this State in a manner which will promote the public health, safety, morals and general welfare and to encourage coordination of the various public and private procedures and activities shaping land development with a view of lessening the cost of such development and to the more efficient use of land.
See Levin v. Tp. of Parsippany Troy Hills, 82 N.J. 174, 179, 411 A.2d 704 (1980). The Law was designed to encourage prompt consideration and disposition of land use applications for the advancement and protection of both developers and the public. Lizak, supra, 96 N.J. at 496, 476 A.2d 1189; Rickel, supra, 111 N.J. at 198, 543 A.2d 943; see also, Manalapan Holding Co. v. Pl. Bd. of Hamilton Tp., 184 N.J. Super. 99, 108, 445 A.2d 410 (App.Div. 1982), rev'd on other grounds, 92 N.J. 466, 473, 457 A.2d 441 (1983); Levin, supra, 82 N.J. at 179, 411 A.2d 704.
To remand the matter to the planning board for an entirely new hearing at this late stage of the proceedings would serve neither the interests of the public, the interest of the board, nor the interest of the applicant. Cf. Pagano v. Zoning Bd. of Adj. of Edison, 257 N.J. Super. 382, 608 A.2d 469 (Law Div. 1992) (substantial prejudice likely to accrue by virtue of protracted delays in the development application and litigation processes).
Certainly the resulting increased costs could be significant not only to the developer, but also to members of the public *448 who may have objected vigorously at no small expense, only to leave the public hearing believing that the Board had ruled in their favor. Compare, Lizak v. Faria, 180 N.J. Super. 248, 257, 434 A.2d 659 (Ch.Div. 1981), aff'd 96 N.J. 482, 497, 499-500, 476 A.2d 1189 (1984). As noted in section IIB above, the outcome of an application should not, in the best of circumstances, depend upon a party's financial resources or staying power. On balance, a remand for an entirely new hearing is not an equitable solution to the dilemma presented in this case.

IV. Judicial Review of a Statutory Denial

A. The Presumption of Validity
Ordinarily, in reviewing the decision of a municipal board, the court's power is tightly circumscribed. So long as there is substantial evidence to support it, the court may not interfere with or overturn the decision of a municipal board. Even when doubt is entertained as to the wisdom of the board's action, or even as to some part of it, there can be no judicial declaration of invalidity absent a clear abuse of discretion by the board. Consequently a zoning determination may be set aside only when the court has determined the decision to be arbitrary, capricious or unreasonable. Medici v. BPR Co., 107 N.J. 1, 15, 526 A.2d 109 (1987); Kramer v. Board of Adj., Sea Girt, 45 N.J. 268, 296, 212 A.2d 153 (1965).
However, this standard of review, and the presumption of validity which attaches to both the acts and motives of a municipal board, presumes the existence of a validly adopted resolution either approving or denying a development application. Absent a written resolution there are no findings of fact or conclusions based thereon against which the court can review the established record. See N.J.S.A. 40:55D-10g (decision of municipal agency shall be reduced to writing); see also, Lizak, supra, 96 N.J. at 496, 476 A.2d 1189. Where, as here, the "decision" results from a statutory denial, and as determined by this court, a remand for the adoption of a written *449 resolution would be futile, the court must of necessity undertake its own assessment of the record. To conclude otherwise would render the courts impotent to do that which New Jersey's system of justice is specifically designed to achieve  the fair and prompt adjudication of existing controversies on their merits, without elevating form or technical niceties over substantive legal or equitable principles. A decision on the merits is thus both appropriate and warranted.
Under such circumstances, the adjudication of whether the plaintiffs' minor site plan application should have been approved may well depend upon what standard of review is applied. In Lizak, supra, the trial court undertook an independent review of the record in determining whether the statutory approval there obtained should be sustained. 180 N.J. Super. at 259, 434 A.2d 659. Having concluded that "no conceivable standard of review ... could legitimize the grant of a variance" under the facts there presented, it was unnecessary for the trial court to determine whether the presumption of correctness should attach. Id. On appeal, the Supreme Court reached and disposed of this issue, concluding that no such presumption should attach relying in part on Synder-Westerlind v. Mayor of Atlantic Highlands, 134 N.J. Super. 459, 461, 341 A.2d 687 (App.Div. 1975), (no presumption of reasonableness attaches to a statutory denial). Lizak, supra, 96 N.J. at 498, 476 A.2d 1189. The presumption of correctness is similarly inapplicable to the Board's statutory denial in this case.[9]

B. De Novo Review of the Record
Given this determination, the court must conduct a de novo review of the evidence. As noted in Rickel, supra, 111 N.J. at 200, 543 A.2d 943, the nature of a de novo proceeding is the *450 same, whether it be in the context of a trial on the record in the Law Division or in the context of a governing body's review of actions taken by the board of adjustment pursuant to N.J.S.A. 40:55D-17. The governing body's task "is to consider the record ... and the legal arguments of counsel and make its own findings and conclusions based on that record and argument." Evesham Tp. Zoning Bd. of Adj. v. Evesham Tp. Council, 86 N.J. 295, 302, 430 A.2d 922 (1981). This court must act in a like fashion, and thus is to consider the record "anew, the same as if it had not been heard before." Rickel, supra, 111 N.J. at 200, 543 A.2d 943.
Trial shall be scheduled forthwith. The parties will remain in the same procedural posture that they maintained in the initial proceeding before the Board, with the applicants bearing the burden of proving by a preponderance of the evidence their entitlement to the minor site plan approval and ancillary variances sought. Id. The parties' respective trial briefs and arguments should therefore address the record and merits of the complaint in a manner consistent with the de novo review to be afforded by this court.
NOTES
[1] There is little doubt that resolving the voting eligibility issue before the trial is appropriate under the circumstances, given the court's inherent right to dispose of questions of law. See Sheild v. Welch, 4 N.J. 563, 566-567, 73 A.2d 536 (1950) (where question of law involved, no procedural impropriety in court's grant of summary judgment at pre-trial conference).
[2] Why the only board member eligible to vote (See N.J.S.A. 40:55D-9), failed to do so when the memorializing resolution was presented at the January meeting is not discernible from the limited record available, although the reason does not, in any event, affect the disposition of this case.
[3] This section applies to either the decision of a planning board or a board of adjustment. See N.J.S.A. 40:55D-5 ("Municipal agency" means a municipal planning board or board of adjustment).

Unquestionably, participation by those board members whose motion to approve the application failed, irretrievably tainted the memorializing resolution, rendering it invalid. While the memorializing resolution must, of necessity be vacated, additional difficulties persist which affect the nature of the proceedings to be conducted hereafter.
[4] See N.J.S.A. 40:55D-9 (All actions shall be taken by majority vote of the members of the Municipal agency present at the meeting except as otherwise required); N.J.S.A. 40:55D-17e, -26a, -32, -34, -62a (special-majority of full authorized membership of Board required); N.J.S.A. 40:55D-63 (super-majority of two-thirds of all members of governing body required to implement ordinance amendment over validly filed protest); N.J.S.A. 40:55D-70d (super-majority of at least 5 members out of 7, required for variance approval).
[5] See, e.g., N.J.S.A. 40:55D-45.3b, 46c, -46.1a, -47, -48c, -50b, -53e, -61, -67a, and b, -73b, (failure of municipal agency to act within time specified by statute will result in development application's automatic approval). See also, Manalapan Holding Co. v. Pl. Bd of Hamilton Tp., 92 N.J. 466, 478, 457 A.2d 441 (1983).
[6] If a municipal agency fails to adopt a resolution or a memorializing resolution, the Municipal Land Use Law does empower any interested party to apply to the Superior Court in a summary manner for an order compelling that municipal agency to reduce its findings and conclusions to a written resolution within a specified time period. N.J.S.A. 40:55D-10g (2). However, that option provides no practical assistance in this case, since this provision cannot be construed to enlarge the number of Board members eligible to vote, rendering such an order meaningless and inappropriate.
[7] In Krain, supra, two separate variance denials were challenged. The public hearing on the first application was never tape recorded. Although the second hearing was taped, the Board's resolution lacked an adequate factual foundation, necessitating a remand. In this context, where the remand encompassed both denials, and a complete new hearing was ordered as to the first, that court's conclusion that the entire Board be authorized to resolve both matters seems both justified and appropriate, especially since without a new hearing, the court would have had no established record upon which to review the Board's action.
[8] Indeed, the framework of the statute readily lends itself to such an amendment. To accommodate the contrary interpretation, the Legislature need only have included the "bracketed" words in N.J.S.A. 40:55D-10.2:

A member of a municipal agency who [either] has been absent for one or more of the meetings at which a hearing was held, [or was not yet appointed] shall be eligible to vote....
[9] The court's decision is, of course, based substantially on the futility of a remand, and the Board's attendant inability to adopt, for both practical and legal reasons, a written resolution. Were this not the case, the presumption of validity ordinarily afforded to a properly enacted resolution, would apply.