**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3741-17T3

S/K OLD YORK ROAD
ASSOCIATES, LP,

     Plaintiff-Appellant,

v.

THE TOWNSHIP OF BRANCHBURG,
THE TOWNSHIP COMMITTEE OF
THE TOWNSHIP OF BRANCHBURG,
and THE PLANNING BOARD OF
THE TOWNSHIP OF BRANCHBURG,

     Defendants-Respondents.

_____

S/K OLD YORK ROAD
ASSOCIATES, LP,

     Plaintiff-Appellant,

v.

THE PLANNING BOARD OF THE
TOWNSHIP OF BRANCHBURG
and CONIFER, LLC,

     Defendants-Respondents.

_____

Argued October 21, 2019 – Decided December 24, 2019

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket Nos. L-0657-17 and L-0972-17.

Derek W. Orth argued the cause for appellant (Inglesino, Webster, Wyciskala & Taylor, LLC, attorneys; Derek W. Orth, on the briefs).

William P. Robertson argued the cause for respondents Township of Branchburg and Township Committee of the Township of Branchburg (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; William P. Robertson, on the brief).

Mark S. Anderson argued the cause for respondent The Planning Board of the Township of Branchburg (Woolson Anderson, PC, attorneys; Mark S. Anderson and Christine Salimbene, on the brief).

Stacy L. Moore, Jr., argued the cause for respondent Conifer, LLC (Parker McCay, PA, attorneys; Harris Neal Feldman, of counsel; Stacy L. Moore, Jr., on the brief).

PER CURIAM

In this consolidated action in lieu of prerogative writs, plaintiff S/K Old York Road Associates, L.P. (Old York), appeals from a March 13, 2018 order dismissing its complaints challenging: (1) a zoning ordinance amendment changing the zoning of the subject 9.5-acre parcel (the property) from O-Office

2

to AH-2 Affordable Housing—non-age-restricted, multi-family, 100% affordable rental apartment housing and accessory uses—that was adopted to comply with Branchburg Township's Third Round affordable housing mandate under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163; and (2) preliminary site plan approval granted with waivers by the Branchburg Township Planning Board (the Board) to defendant developer Conifer, LLC, to construct a 100-unit affordable residential rental housing project on the Property bordering property owned by Old York. We affirm the dismissal of Old York's complaints substantially for the reasons stated by Judge Thomas C. Miller in his comprehensive ninety-four-page statement of reasons.

I.

The Property is located along Route 202 in the Township of Branchburg (the Township). It is owned by the Township and comprised of approximately 9.5 acres spanning three parcels designated as Block 74, Lots 3, 3.01, and 3.02 on the Township's official tax map. The Property is locally known as the "Triangle Site" for its shape. "It is bounded on the northwest by Old York Road, on the northeast by the Whiton Hills development, and on the southeast by U.S. Route 202. The Property is bisected by wetlands that significantly impair the

development of the site. It is currently undeveloped and populated with mature woodlands."

Old York owns adjacent property designated as Block 74, Lot 1; it consists of approximately twenty-four acres developed with a residential apartment complex known as Whiton Hills. Defendant Conifer is a real estate development company.

In July 2010, the Board "adopted the Revised Third Round Housing Element and Fair Share Plan in accordance with the MLUL to address the Township's third round affordable housing obligations" and to remain compliant with the Fair Housing Act of 1985, N.J.S.A. 52:27D-301 to -329. The documents detailed the Township's affordable housing history and plan to address the Township's third round affordable housing obligations. The plan specified the Township was actively attempting to acquire the Triangle Site in order to contract with an affordable housing provider to construct 120 affordable rental units in furtherance of satisfying the Township's rental obligation.

"In December 2011[,] the Township adopted the Land Use Plan Element of the Branchburg Master Plan pursuant to N.J.S.A. 40:55D-28(b)(2)." The Land Use Plan Element provides, as part of its stated goals and objectives:

> Goal 4: To address Branchburg Township's affordable housing obligations.

> Objective 4a: To provide for a variety of housing types compatible with the size and scale of the surrounding area serving a broad range of needs of Branchburg residents of all ages and income levels.
>
> Objective 4b: To address the affordable housing obligation with the minimum amount of new residential construction.

The Land Use Element also stated goals such as the "preservation of the rural character of [the Township's] undeveloped areas (Goal 2), [provision of] compatible infill development (Goal 3), and protection of the Township's important natural resources (Goal 7)."

In October 2014, the Board adopted the 2014 Reexamination Report of the Master Plan pursuant to N.J.S.A. 40:55D-89. The report documented the changes in policies, assumptions, and objectives underlying the Master Plan since the previous reexamination report. It specified affordable housing as an area of concern. It recommended amending any land use regulations and zoning designations that inhibited the potential for affordable housing.

The preliminary site plan approval application sought waivers of fifty-nine check list requirements, deferring nine checklist requirements until final approval, and six design waivers. Plaintiff objected to the waivers and argued the application was not complete. Despite this, the Board deemed the

5

application complete and granted the checklist and deferral waivers, but refrained from approving the design waivers.

On October 24, 2016, the Township entered into an Affordable Housing Agreement with Conifer to facilitate the construction, ownership, and management of a 100-unit affordable rental project on the Triangle Property in furtherance of satisfying the Township's affordable housing obligation.

On March 13, 2017, the Committee introduced Ordinance No. 2017-1308. The Ordinance proposed to rezone the Triangle Site from O-Office to a newly created zone designated as AH-2. The purpose of the new zone was to "provide for non-age restricted, multi-family, 100% affordable, rental apartments and accessory uses. The [O]rdinance was referred to the Planning Board for consistency review in accordance with N.J.S.A. 40:55D-26."

The consistency review was completed on March 28, 2017; a letter confirming the Ordinance was not inconsistent with the Township's Master Plan was issued to the Committee the following day. The Committee conducted a public hearing and adopted the Ordinance on April 10, 2017.

On March 31, 2017, Conifer applied for preliminary site approval to construct the 100-unit affordable rental project on the Triangle Site. The Board held public hearings on April 18, 25, and May 1, 2017. Conifer presented expert

6

testimony from its project engineer, traffic engineers, and project consultant. Old York was represented by counsel who cross-examined Conifer's witnesses at length. Old York also presented its own experts, including a licensed civil engineer and traffic expert. Although it had the opportunity to present expert testimony regarding landscaping concerns, Old York's expert did not appear for the April 25, 2017 hearing before the Board concluded testimony for the evening at approximately 11:30 p.m. The Board agreed to hear the expert's testimony at the subsequent May 1, 2017 hearing, but Old York advised the witness was "still unavailable."

At the conclusion of the testimony, the Board granted Conifer's application for preliminary site plan approval, along with the requested waivers, based upon the evidence presented and subject to certain conditions. The Board adopted a Resolution on June 27, 2017, detailing its findings that the proposed development was a permitted use in the AH-2 zone, "consistent with the goals and objectives of the Master Plan[,] and in furtherance of the Township's affordable housing obligations." The Board was further satisfied Conifer "submitted sufficient information on the fundamental elements of the [Plan] as to permit preliminary site plan approval."

A-3741-17T3

On May 25, 2017, Old York filed an action in lieu of prerogative writs to challenge the Committee's adoption of the Ordinance and the Board's finding of consistency (Docket No. SOM-L-657-17) (the First Complaint). The complaint alleged: (1) the Ordinance violated the MLUL, in part, because the zone change was not recommended by the Township's 2011 Land Use Element or the 2014 Master Plan Examination Report (count one); (2) the Committee engaged in unlawful contract zoning (count two); (3) the rezoning was unlawful because it constituted spot zoning (count three); and (4) the Township exceeded its zoning authority by sustaining the rental requirement imposed by the Ordinance (count four). The action sought to invalidate the Ordinance.

On August 11, 2017, Old York filed a second action in lieu of prerogative writs based on the Board's grant of preliminary site plan approval to Conifer (Docket No. SOM-L-972-17) (the Second Complaint). The complaint alleged: (1) the Board's action was arbitrary, capricious, and unreasonable based on defects in Conifer's site plan application and the Board's refusal to allow Old York to put on a full objector case (count one); and (2) the Board lacked jurisdiction over Conifer's application (count two). The action sought to overturn the preliminary site plan approval.

8

The trial court consolidated the first and second complaints for trial. On February 22, 2018, the court conducted a one-day bench trial. On March 14, 2018, the court issued an order and written statement of reasons dismissing the first and second complaints with prejudice. The court concluded Old York failed to meet its heavy burden of proof. It further determined the Ordinance was neither arbitrary, capricious, nor unreasonable, represented a valid exercise of the Township's zoning power that advanced the creation of affordable housing, was consistent with the Master Plan, and advanced the purposes of the MLUL.

The 2010 Revised Third Round Plan earmarked the Property for affordable housing. The Council on Affordable Housing (COAH) never ruled on the sufficiency of the 2010 Revised Third Round Plan and failed to adopt regulations governing the third round. Nevertheless, the court found the Ordinance "is substantially consistent with COAH's Substantive Rules for the development of [the Township's] housing plan and represents a suitable site as defined by COAH's rules."

The court rejected the opinions and conclusions of Old York's expert, John McDonough, finding they did not accurately or fully characterize the existing site conditions and the surrounding land uses. It further found his testimony stated negative impacts in a conclusory fashion without any evidence to support

9

such assertions. His testimony also did not fully analyze COAH's Second Round Rules and either ignored or did not fully analyze the Township's adopted land use policies with respect to the Ordinance and its application to the subject property. The court concluded McDonough did not present any convincing evidence that the Ordinance was in conflict with the MLUL and the credible testimony of the opposing experts "substantially outweigh and overcome his opinions in that regard."

The court also rejected Old York's spot and contract zoning arguments since those concepts have no application to municipally owned property used in furtherance of the public purpose of creating affordable rental housing. It also found the Ordinance is valid as part of a comprehensive plan, essential to the general welfare, and clearly within the Township's zoning power. The court rejected Old York's lack of jurisdiction argument. The court further found the record supported a finding that the developer provided sufficient information regarding the feasibility of a compliant stormwater management plan to the Board allowing it to grant preliminary site plan approval.

As to Old York's claim that it was prevented from fully presenting its objector case, the court concluded Old York was given a fair and ample

opportunity to present witnesses and cross-examine the developer's witnesses, noting a planning board has discretion to limit testimony in a reasonable manner.

This appeal followed.  Old York seeks reversal of the dismissal of counts one and four of the first complaint and count one of the second complaint.  It raises the following points on appeal:

> POINT I:  THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THE ORDINANCE WAS CONSISTENT WITH AND DESIGNED TO EFFECTUATE THE TOWNSHIP'S LAND USE ELEMENT.
>
> POINT II:  IF THE APPELLATE COURT FINDS THAT THE ORDINANCE WAS INCONSISTENT WITH OR NOT DESIGNED TO EFFECTUATE THE LAND USE ELEMENT, THE ORDINANCE MUST BE DECLARED VOID.
>
> POINT III:  THE TRIAL COURT'S AFFIRMATION OF THE RENTAL HOUSING REQUIREMENTS IN THE ORDINANCE WAS INCORRECT AS A MATTER OF LAW.
>
> POINT IV:  THE TRIAL COURT ERRED BY AFFIRMING THE BOARD'S GRANT OF PRELIMINARY SITE PLAN APPROVAL TO CONIFER BECAUSE CONIFER FAILED TO PROVIDE SUFFICIENT EVIDENCE DEMONSTRATING THE FEASIBILITY OF ITS DRAINAGE AND STORMWATER MANAGEMENT PLANS.
>
> POINT V:  THE TRIAL COURT ERRED IN DETERMINING THAT THE BOARD PROVIDED

11

OLD YORK WITH ADEQUATE OPPORTUNITY TO
PRESENT ITS OBJECTOR CASE DURING THE
HEARINGS BELOW.

## II.

Our review is governed by well-established principles. "[W]hen reviewing the decision of a trial court that has reviewed municipal action, we are bound by the same standards as was the trial court." Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). Thus, our review of the Township's and the Board's actions is limited.

"[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion." Jock v. Zoning Bd. of Adjustment of Wall, 184 N.J. 562, 597 (2005). Therefore, "[t]he proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Ibid. Thus, a reviewing court must not substitute its own judgment for that of the local board unless there is a clear abuse of discretion. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 82 (2002) (citing Med. Realty Assocs. v. Bd. of Adjustment, 228 N.J. Super. 226, 233 (App. Div. 1988)).

A-3741-17T3

"A presumption of validity attaches to a zoning ordinance that may be overcome only if an opponent of the ordinance establishes the ordinance is 'clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the [zoning] statute.'" Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 380 (1995) (alteration in original) (quoting Bow & Arrow Manor, Inc. v. Town of W. Orange, 63 N.J. 335, 343 (1973)). "Although the judicial role is circumscribed, a court may declare an ordinance invalid if in enacting the ordinance the municipality has not complied with the requirements of the statute." Riggs v. Long Beach Twp., 109 N.J. 601, 611 (1988) (citing Taxpayer Ass'n of Weymouth Twp, Inc. v. Weymouth Twp., 80 N.J. 6, 20 (1976)). Riggs adopted the following objective test to determine an ordinance's validity:

> First, the ordinance must advance one of the purposes of the [MLUL] as set forth in N.J.S.A. 40:55D–2. Second, the ordinance must be substantially consistent with the land use plan element and the housing plan element of the master plan or designed to effectuate such plan elements, unless the requirements of that statute are otherwise satisfied. Third, the ordinance must comport with constitutional constraints on the zoning power, including those pertaining to due process, equal protection, and the prohibition against confiscation. Fourth, the ordinance must be adopted in accordance with statutory and municipal procedural requirements.

[Griepenburg v. Twp. of Ocean, 220 N.J. 239, 253 (2015) (quoting Riggs, 109 N.J. at 611–12 (citations and internal quotation marks omitted)).]

In reviewing a municipal zoning board's decision, courts must be mindful that the Legislature vested zoning boards with the discretion to make decisions that reflect the character and level of development within their municipality. Booth v. Bd. of Adjustment of Rockaway, 50 N.J. 302, 306 (1967). A planning board's discretionary decisions carry a rebuttable presumption of validity. Harvard Enters., Inc. v. Bd. of Adjustment of Madison, 56 N.J. 362, 368 (1970). The "decision of a zoning board may be set aside only when it is 'arbitrary, capricious or unreasonable.'" Cell S., 172 N.J. at 81. (quoting Medici v. BPR Co., 107 N.J. 1, 15 (1987)). The burden is on the challenging party to overcome this highly deferential standard of review. Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998).

III.

We affirm the dismissal of the first and second complaints with prejudice substantially for the reasons stated by Judge Miller in his comprehensive and cogent statement of reasons. Judge Miller's findings are amply supported by the record and his conclusions fully comport with applicable legal principles. We discern no basis to disturb his rulings. We add the following comments.

A-3741-17T3

Our Supreme Court has explained that its decisions in <u>Southern Burlington County N.A.A.C.P. v. Mount Laurel Township.</u>, 67 N.J. 151, 179 (1975) (<u>Mount Laurel I</u>) and <u>South Burlington County N.A.A.C.P. v. Township. of Mount Laurel</u>, 92 N.J. 158 (1983) (<u>Mount Laurel II</u>):

> recognized that the power to zone carries a constitutional obligation to do so in a manner that creates a realistic opportunity for producing a fair share of the regional present and prospective need for housing low- and moderate-income families. The Legislature enacted the Fair Housing Act of 1985 (FHA or the Act), N.J.S.A. 52:27D-301 to -329, to assist in municipal compliance with that constitutional obligation.
>
> [<u>In re Adoption of N.J.A.C. 5:96 and 5:97 by the N.J. Council on Affordable Hous.</u>, 221 N.J. 1, 3-4 (2015).]

The Court emphasized its decades long constitutional doctrine of requiring municipalities to implement measures to make affordable housing "realistically possible." <u>Id.</u> at 7.

> In 1975, this Court prohibited the discriminatory use of zoning powers and mandated that each developing municipality "must, by its land use regulations, make realistically possible the opportunity for an appropriate variety and choice of housing for all categories of people who may desire to live there, of course including those of low and moderate income." [<u>Mount Laurel I</u>, 67 N.J. at 179, 187]. In 1983, the Court reaffirmed the constitutional obligation that towns provide "a realistic opportunity for the construction of [their] fair share of the present and

15

prospective regional need for low and moderate income housing." [Mount Laurel II, 92 N.J. at 205] (citing Mount Laurel I, 67 N.J. at 174).

[Ibid. (second alteration in original).]

As correctly recognized by Judge Miller, the provision of affordable housing is "an absolute essential in promotion of the general welfare required in all local land use regulation," Mount Laurel I, 67 N.J. 151, 179 (1975), and advances one of the principles of the MLUL set forth in N.J.S.A. 40:55D-2, Sartoga v. Borough of West Paterson, 346 N.J. Super. 569, 580 (App. Div. 2002). The Ordinance permissibly advances the goal of affordable housing in the Township.

Old York contends the Ordinance constitutes impermissible spot zoning. We disagree. "'Spot zoning' is the use of the zoning power to benefit particular private interests rather than the collective interests of the community. It is zoning which disregards the requirement of [N.J.S.A. 40:55D-62(a)] that regulation be accomplished in accordance with a comprehensive plan to promote the general welfare." Weymouth Twp., 80 N.J. at 18. Old York bears the burden of proving that the Ordinance constitutes illegal "spot zoning." Id. at 19. We agree with the trial court that it did not satisfy that burden.

16

As observed by Judge Miller, the Property was owned by the Township. The Township is exempt from its zoning regulations. See Thornton v. Vill. of Ridgewood, 17 N.J. 499, 513 (1955) (noting the zoning statute "contain[s] no specific limitation upon municipal use of land"). This exemption has been extended to entities who join in advancing a public purpose. Hills of Troy Neighborhood Ass'n. v. Twp. of Parsippany-Troy Hills, 392 N.J. Super. 593, 607 (Law Div. 2005). Nevertheless, municipal exemption from zoning regulation is subject to a test of reasonableness. Id. at 601-06. We do not find the use of the Property for affordable housing to be unreasonable.

More fundamentally, the Ordinance advanced the general welfare of the community and the State by promoting the availability of affordable housing in the Township, thereby addressing its constitutional mandate to make low and moderate income housing "realistically possible."

As further noted by the judge, the Property "is contiguous to [Old York's] property which is a high density, inclusionary, affordable housing project. Certainly, the use type is compatible with surrounding uses." The judge also found "the bulk standards for building height, buffering and building separation are reasonable and rational under the circumstances. Further, those standards, although slightly different from the zoning on Old York's contiguous parcel,

they are in substantial conformity with the zone plan and the surrounding properties." We agree "that that the record supports the proposition that the proposed Ordinance is part of a comprehensive plan."

Finally, we address Old York's argument that the Board prevented it from presenting its entire objector case. Old York contends the Board arbitrarily and unreasonably precluded it from presenting the testimony of its expert regarding landscaping concerns. The record reveals the expert chose to attend a hearing in a different municipality on April 25, 2017, and did not arrive until 11:30 p.m. before the Board. By that point, testimony was concluded for the evening. The Board offered to allow the expert to testify on May 1, 2017, but the expert did not appear. Old York maintains that the expert was not available on that date without providing specific reasons for his unavailability.

The judge found Old York "was given a fair and ample opportunity to present witnesses and cross-examine Conifer's experts." It "had three meetings to present the testimony of a landscape witness, but unfortunately it chose a witness who could not attend." A township planning board has discretion to limit testimony and cross-examination in a reasonable manner. The court noted that pursuant to N.J.S.A. 40:55D-10(d), the testimony of witnesses is "subject to the discretion of the presiding officer and to reasonable limitations as to time

18

and number of witnesses." Moreover, "[j]ust because a person is an objector does not confer an absolute right to have an applicant's matter adjourned due to claimed inability to attend one of several scheduled hearings." Mercurio v. DelVecchio, 285 N.J. Super. 328, 334-35 (App. Div. 1995). "Generally, it is the applicant and the Board that control the scheduling of the application." Id. at 335.

The judge also found that "[t]he Board simply followed its own rules that no testimony be heard after 10:30 p.m." The Board's decision to adjourn the hearing at 11:30 p.m. and to "'start fresh' on May 1, 2017" were deemed rational and appropriate. Under the totality of the circumstances, we discern no abuse of discretion by the Board or the judge.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3741-17T3